UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

3:06 CV 386 - MU

| | |
|---|---|
| IN RE:<br><br>**RFS ECUSTA INC. and**<br>**RFS US INC.**<br><br>Tax I.D. No.:    23-3081989<br>                    23-3081990<br><br>Debtors | Bankruptcy Case No. 03-10360<br>Bankruptcy Case No. 03-10358<br>Chapter 7<br>Jointly Administered |

## AMENDED ORDER WITHDRAWING REFERENCE OF BANKRUPTCY CASES

This Amended Order corrects an error in the original Order, which is docket no. 1, as the first decretal paragraph in the original Order was incomplete. This Amended Order is entered *nunc pro tunc* 8 September 2006.

    **THIS MATTER** came on to be heard this day in open court and *sua sponte*, and the Court has determined that it will pursuant to 28 USC §157(d) withdraw in whole the two bankruptcy cases identified in the caption above. The Court has previously withdrawn the reference of the five pending adversary proceedings in these bankruptcy proceedings and they are pending as 3:05-CV-212, 213, 214, 215 and 216 –MU. The Court this day approved a settlement in those pending adversary proceedings between Langdon M. Cooper, the Trustee in the bankruptcy cases (the "Trustee") and P. H. Glatfelter Company and Mollanvick, Inc. (together "Glatfelter") under which Glatfelter shall pay the Trustee $5,000,000 under the terms of a certain Settlement Agreement. These five adversary proceedings are currently stayed to permit the remaining parties to determine *inter se* if a settlement or settlements are possible. In court today the Court determined the status of the pending adversary proceedings and the base cases of the debtors upon inquiry to the Trustee and the counsel for the various defendants in the pending adversary proceedings, and the Court determined that the remaining work in the base cases consists primarily of the Trustee's motion(s) for allowance and disallowance of claims that have been filed in Delaware and North Carolina, and the prosecution of the allowance and disallowance for administrative claims, including the applications of professionals for compensation. The Court has further determined that it is in the best interest of the bankruptcy estates of these debtors and the efficiency of judicial system that this Court shall determine all remaining matters in the base cases. It is, therefore,

**ORDERED** that the references of the bankruptcy cases of RFS Ecusta, Inc. and RFS US, Inc, case numbers 03-10358 and 03-10360, are hereby WITHDRAWN; it is further

**ORDERED** that the Clerk of this Court shall notify the Clerk of the Bankruptcy Court of the entry of this Order; it is further

**ORDERED** that the Clerk of this Court shall open one civil file to contain all pleadings to be filed from this day forth in the two bankruptcy base cases, and assign it to the undersigned Judge. The Clerk of this Court shall immediately notify the Trustee of the file number of this new civil file so that he may in turn immediately commence the filing of certain pleadings; it is further

**ORDERED** that should any party desire to file any adversary proceedings in these bankruptcy cases, they shall file them as separate civil actions in this Court and notify the Clerk of this Court that they are adversary proceedings related to these bankruptcy cases, and the Clerk shall assign them to the undersigned Judge.

This the ___ day of September, 2006.    *Nunc Pro Tunc*

Graham C. Mullen
United States District Judge