UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

IN RE:

RFS ECUSTA INC. and
RFS US INC.

Tax I.D. No.: 23-3081989
              23-3081990

Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
Chapter 7
Jointly Administered

**ORDER GRANTING FOURTH INTERIM FEE APPLICATION
REQUEST OF MOSES & SINGER LLP
AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE
PERIOD FROM DECEMBER 1, 2004 THROUGH JULY 31, 2006**

This cause coming on to be heard and being heard upon due notice to all applicable parties pursuant to the United States Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Practice of the United States District Court for the Western District of North Carolina and the Local Rules of Practice of the United States Bankruptcy Court for the Western District of North Carolina, and the Court concludes that no further or other notice is necessary.

**NOW,** upon consideration of the Fourth Interim Fee Application (the "Application") of Moses & Singer LLP, Attorneys at Law, ("Applicant") for Compensation as Special Counsel to Langdon M. Cooper, Trustee ("Trustee") for the above-referenced Debtors, as duly filed in this proceeding, in which the attorneys seek payment of compensation and reimbursement for expenses advanced;

**AND** upon consideration of the applicable law as set forth in a number of decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals: Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); Pennsylvania v. Delaware Valley Cit. Council, 107 S.C. 3078 (1987); Lilly v. Harris-Teeter Supermarket, 842 F.2d 1496 (4th Cir. 1988); Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986); and Barber v. Kimbrell's, Inc., 577 F.2d 216, cert. denied, 439 U.S. 934 (1978), which adopted the standards of Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Under the rule of Barber, these standards include the time and labor expended; the novelty

and difficulty of the questions raised, the skill required to perform the legal services rendered; the attorney's costs in handling the case; the customary fee for like work; the attorney's expectations at the outset of the case; the time limitations imposed by the client or circumstances; the amount in controversy and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community in which the case arose; the nature and length of the professional relationship between attorney and client; and attorneys' fees in similar cases.

In Hensley, supra, the Court articulated a method for examining the attorney's requested fee:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

"When the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee..." Blum v. Stenson, 465 U.S. at 897.

In Daly, supra, the Fourth Circuit suggested that most Johnson factors are appropriately considered in initially determining the lodestar figure, not in adjusting that figure upward. According to the Court, "the critical inquiry in determining reasonableness [of a fee award] is now generally recognized as the appropriate hourly rate." ... If the hourly rate is properly calculated, "the 'product of reasonable hours times [the] reasonable rate' normally provides a 'reasonable' attorney's fee..." Daly v. Hall, 790 F.2d at 1077. Under Blum the critical focus in calculating a reasonable attorney's fee is in determining the lodestar figure. A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. In "exceptional circumstances," this presumptively fair lodestar figure may be adjusted to account for results obtained and the quality of representation. Daly v. Hall, supra. Here, the Court has specifically reviewed the prevailing hourly rates of the professionals that practice before the Court and as customarily charged by professionals in this District for like matters, as well as the past and current hourly rates of the professionals employed by the Applicant as set forth in the Application, and the Court is aware that Applicant has a national practice from offices in New York City where hourly rates are higher than in this District; and the Court concludes that the hourly rates of the Applicant's professionals are proper, reasonable and wholly appropriate in Chapter 7 bankruptcy cases in the Western District of North Carolina. Finally, the Court has reviewed the prior Order of the Bankruptcy Court entered on September 28, 2005, pursuant to which Applicant has reduced its hourly rates by 25% beginning as of October 18, 2005, in return for a future, contingency participation in certain recoveries, all of which this Court ratifies and approves.

**AND** upon all proceedings had before the Court, after due notice and opportunity for hearing, after which no adverse interest appeared, and after due deliberation thereon, and under the legal standards set forth and applied in the cases discussed above, the Court concludes the Application seeks aggregate reasonable compensation and reasonable payment for expenses advanced, and it is in the best interest of the estates that the Application be allowed; it is therefore

**ORDERED AND ADJUDGED:**

1. The Application of Moses & Singer LLP is GRANTED.

2. Applicant is allowed compensation for services rendered during the application period in the amount of $981,798.13, and reimbursement of expenses during the application period in the amount of $139,320.87;

3. Applicant is also allowed compensation for services rendered and reimbursement of expenses previously applied for in the amount of $60,342.87 which was described in Applicant's Second Interim Application and action on which was deferred at the time by the Bankruptcy Court. From the outstanding results accomplished by Applicant thus far in these cases and for the reasons stated in the Application, it is clear this previously deferred compensation should now be awarded.

4. The Trustee is directed to make the payments authorized and approved in this Order, as well as payments of any previously approved compensation and reimbursement of expenses which remain unpaid, as soon as funds are available.

This the 11th day of October, 2006.

Graham C. Mullen
United States District Court Judge