**FILED**
IN COURT
CHARLOTTE, N. C.

FEB 1 4 2008

U. S. DISTRICT COURT
W. DIST. OF N. C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

```
------------------------------------------------------------  X
In re:                                                        :   Chapter 7
                                                              :
RFS ECUSTA INC. and                                           :   Dist. Ct. Case No.
RFS US INC.,                                                  :   3:06-cv-386-MU
                                                              :
                                                              :   Bankr. Ct. Case Nos.
                                                              :        03-10358 (GRH)
                               Debtors.                       :   and 03-10360 (GRH)
------------------------------------------------------------  X   (Jointly Administered)
```

## ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BY AND AMONG LANDON M. COOPER, AS CHAPTER 7 TRUSTEE, THE UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRY AND SERVICE WORKERS INTERNATIONAL UNION AND ITS LOCAL UNION 2-1971 AND THEIR MEMBERS

### AND

## FINAL JUDGMENT, INJUNCTION AND ALLOWANCE OF THE CLAIMS OF THE UNION'S PROFESSIONALS AND CERTAIN FORMER EMPLOYEES OF THE DEBTORS

Upon the motion (the "Motion"), dated January 11, 2008, of Langdon M. Cooper, as

Chapter 7 Trustee (the "Trustee") for the bankruptcy estates (the "Estates") of RFS Ecusta Inc.

and RFS US Inc. (together, the "Debtors"), requesting the entry of orders pursuant to sections

105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 7001, 7016,

7065 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

approving the Settlement Agreement and Release (the "Settlement Agreement"),[1] annexed to the

Motion and to this Order and Final Judgment (the "Order") as "**Exhibit A**", by and among the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement.

Trustee, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied

Industry and Service Workers International Union and its Local Union 2-1971 (collectively, the

"Union"), on its own behalf and on behalf of the Covered Employees (defined in the Settlement

Agreement) fully and finally resolving the claims asserted in the Union Claims (defined in the

Settlement Agreement), the WARN Act Judgment (defined in the Settlement Agreement), the

Back Wage Claim (defined in the Settlement Agreement), the proofs of claim filed on their own

behalf by Covered Employees and any claims asserted by the professionals representing the

Union including those claims arising from the WARN Act Judgment, on the terms and

conditions specified in the Settlement Agreement, and enjoining the Covered Employees and

others from asserting any claims against the Estates over and above the claims provided in this

Order and the Settlement Agreement, and granting the Professional Injunction and the Employee

Claim Injunction (both defined in the Settlement Agreement).

It appears that notice of the Motion and the opportunity for a hearing were

appropriate under the particular circumstances and that no other or further notice need be given;

the Court having considered the Motion and the Settlement Agreement, received evidence to the

extent necessary and heard arguments, including any objections to the Motion, as reflected on the

record of the hearing on the Motion; it appearing after notice and a hearing  that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors and other

parties in interest;

**NOW, THEREFORE**, upon the Motion, the Settlement Agreement and the

entire record, and after due deliberation thereon and good cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[2]

A.      This Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334.  Venue of these proceedings and the Motion in this District is proper pursuant to 28 U.S.C. § 1409.

B.      The statutory predicates for the relief sought in the Motion are sections 105 of the Bankruptcy Code and Bankruptcy Rules 7001, 7016 (incorporating Fed. R. Civ. P. 16(c)(9)), 7065 and 9019.

C.      Proper, timely, adequate and sufficient notice of the Motion and the relief requested therein has been provided in accordance with Bankruptcy Rules 2002 and 9019 to all interested persons and entities, including (i) the Bankruptcy Administrator; (ii) counsel for the Union; (iii) all Covered Employees; (iv) counsel for the National Labor Relations Board; (v) all parties to the Adversary Proceedings pending in these cases; (vi) all creditors of the Estates; (vii) all parties requesting notice in these cases; (viii) the Internal Revenue Service; and (ix) the North Carolina Department of Revenue.  Such notice was good and sufficient, and appropriate under the particular circumstances, and no other or further notice of the Motion, the relief requested therein and all matters relating thereto, or entry of this Order is or shall be required.

D.      The Union was and currently is the exclusive collective bargaining representative for a bargaining unit comprising the Covered Employees.  The Union has entered into the Settlement on behalf of itself, its members, the Covered Employees and as attorney-in-fact for certain of the Covered Employees, and has full power and authority to enter the

---

[2] This Order constitutes the Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014.  Any and all findings of fact shall constitute findings of fact even if they are contained in a paragraph preceded by "ORDERED" rather than a letter, and any and all conclusions of law shall constitute conclusions of law even if they are contained in a paragraph preceded by a letter rather than "ORDERED."

Settlement and bind the foregoing parties. On the Petition Date, the labor organization representing the Covered Employees was the Paper, Allied-Industrial, Chemical & Energy Workers International Union ("PACE") and its Local Union 2-1971. On April 15, 2005, PACE merged with the United Steelworkers of America, AFL-CIO·CLC to form the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industry and Service Workers International Union.

E. On approximately October 4, 2002, the Union filed a complaint, on behalf of certain of the Covered Employees, against the Debtors, Purico (IOM) Limited, RF & Son Inc., Nathu Puri ("Puri") and Transamerica Business Capital Corporation alleging a violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101, et seq. (the "WARN Act"). A trial was held in federal district court in Asheville, North Carolina from May 3 to May 6, 2005 before Judge Lacy H. Thornburg. On March 31, 2006, Judge Thornburg issued a Memorandum of Decision (the "Decision") finding that a violation of the WARN Act had occurred and that RFS Ecusta Inc. and Puri, as RFS Ecusta Inc.'s alter ego, were liable for damages under the WARN Act. On August 4, 2006, judgment was entered against the Trustee, as trustee of RFS Ecusta Inc., and Puri in the sum of $4,218,705.01 (the "WARN Act Judgment"). This sum includes WARN Act damages, pre-judgment interest, and attorneys' fees. On August 30 and August 31, 2006, respectively, Puri and the Trustee each filed a Notice of Appeal of the Decision and the WARN Act Judgment with the United States Court of Appeals for the Fourth Circuit. That appeal is now pending. The Settlement which is approved in this Order completely settles all payments due under the WARN Act Judgment, including payments due the Union's professionals and the Covered Employees.

F. During the Cases, the Union filed a number of proofs of claim against the

4

Debtors, including Delaware claim nos. 480 and 482 and North Carolina claim nos. 47, 104, and 105 (the "Union Claims") on behalf of various Covered Employees. Certain of the Covered Employees executed powers of attorney in favor of the Union. In addition, the National Labor Relations Board filed a claim on behalf of a number of former employees seeking back pay for approximately 40 employees (North Carolina claim no. 111) (the "Back Wage Claim"). Further, certain of the Covered Employees filed individual proofs of claim against the Debtors (the "Individually Filed Covered Employee Claims"). (Any and all claims asserted by or on behalf of a Covered Employee, including those claims represented by the Union Claims, the Back Wage Claim and the Individually Filed Covered Employee Claims are referred to herein as the "Employee Claims"). The Employee Claims are wholly resolved in this Order and are allowed only to the extent specified in this Order and the Settlement Agreement.

G.    Approval of the Settlement Agreement is in the best interests of the Debtors, the Estates and their creditors.

H.    The injunctions and determinations of the allowability of claims contained in this Order and Final Judgment, including the Professional Injunction and the Employee Claim Injunction (both defined in the Settlement Agreement): (i) are the product of the Parties' arms-length and good faith negotiations, (ii) are fair and equitable with respect to the Enjoined Parties, (iii) are consistent with the public policy favoring settlements, (iv) are material and necessary elements of the Settlement Agreement, and (v) are in the best interests of the Debtors, the Estates and their creditors.

**NOW, THEREFORE, IT IS HEREBY:**

ORDERED that objections to the Motion, if any, that have not been withdrawn are overruled and the Motion is granted in all respects; and it is further

ORDERED that the Settlement Agreement is approved in its entirety; and it is further

ORDERED that the Union, on behalf of the Covered Employees, is granted and allowed an unsecured priority wage and benefit claim under Section 507 of the Bankruptcy Code against the Debtors in the sum of $1.75 million[3] in full and complete satisfaction of the Employee Claims, and the Covered Employees are entitled to their share of such claim in accordance with the procedure below. The Trustee in consultation with counsel for the Union shall determine the allocation of individual payments among Covered Employees, and if they cannot agree the matter will be resolved by this Court. All distributions to Covered Employees will be net of payroll or other withholding taxes, which the Trustee shall withhold and pay to the applicable authorities; and it is further

ORDERED that the attorneys for the Union in the litigation in which the WARN Act Judgment was entered shall receive an aggregate, allowed unsecured priority claim in the sum of $500,000 in full and complete satisfaction of the professional fees and expenses awarded in the WARN Act Judgment. The Union shall notify the Trustee how and to whom this sum shall be paid, and should any dispute arise as to how this sum shall be divided among the professionals, that dispute will be resolved by this Court; and it is further

ORDERED that the Union, on behalf of the Covered Employees, is granted and allowed a general unsecured claim under Section 726(a)(2)(A) of the Bankruptcy Code against the Debtors in the sum of $750,000. The Trustee in consultation with counsel for the Union shall determine the allocation of individual payments among Covered Employees, and if they cannot agree the matter will be resolved by this Court. Any distributions to Covered Employees on this

---

[3]    Note this $1.75 million includes the $250,000 described in Section 3.1 of the Settlement Agreement as the Trustee elected to exercise the Puri Release Option (defined in the Settlement Agreement) and the release of the Puri Parties was granted.

general unsecured claim will also be net of payroll or other withholding taxes, which the Trustee is required to withhold and pay to the applicable authorities; and it is further

ORDERED that all parties asserting an Employee Claim, including the Union, the Covered Employees and the National Labor Relations Board, are restrained and permanently enjoined from asserting any claim against the Estates or the Trustee or the Puri Parties (defined in the Settlement Agreement), and are deemed to have approved and accepted, in full and complete satisfaction of such Employee Claim from the Estates, the Trustee and the Puri Parties, its share of the monies that are distributed by the Trustee under the provisions of this Order and the Settlement Agreement; and the Union Claims (defined in the Settlement Agreement), the Back Wage Claims (defined in the Settlement Agreement), and the Individually Filed Covered Employee Claims (defined in the Settlement Agreement) are otherwise disallowed; and it is further

ORDERED that all parties who could assert a claim to legal fees awarded in the WARN Act Judgment (defined in the Settlement Agreement) are restrained and permanently enjoined from asserting any claim against the Estates or the Trustee or the Puri Parties (defined in the Settlement Agreement), and such parties are deemed to have accepted, in full and complete satisfaction of any claim to such legal fees and expenses, its the share of the $500,000 sum allowed for professional fees and expenses awarded in the WARN Act Judgment; and any other or further claims for such legal services or reimbursement of expenses are disallowed; and it is further

ORDERED that the releases and covenants not to sue contained in the Settlement Agreement are expressly approved and are enforceable; and it is further

ORDERED that the Trustee is authorized to take any and all actions described in, contemplated by or necessary to consummate the Settlement Agreement and to effectuate the relief granted pursuant to this Order; and it is further

ORDERED that this Court (or any higher Court of competent jurisdiction) shall retain jurisdiction to resolve any disputes under, to interpret, implement, and enforce the provisions of the Settlement Agreement and this Order and Final Judgment; and it is further

ORDERED that the Parties, and all of their respective professionals, will be acting in good faith if they proceed to consummate the Settlement Agreement and take the actions authorized and approved by this Order; and it is further

ORDERED that the failure to specifically include any particular provisions of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the Settlement Agreement be approved in its entirety; and it is further

ORDERED that if there is any inconsistency between the terms of the Order and the Settlement Agreement, the terms of the Settlement Agreement shall control, and if there is any inconsistency between the terms of this Order and the Motion, the terms of this Order shall control.

THIS the 14th day of February, 2008

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Settlement Agreement") dated as of January _11_, 2008 is entered into by and between Langdon M. Cooper, solely as Chapter 7 Trustee ("Trustee") of the bankruptcy estates (together, the "Estates") of RFS Ecusta Inc. and RFS US Inc. (together, "Debtors") (W.D.N.C. Case No. 3:06-CV-00386) and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industry and Service Workers International Union and its Local Union 2-1971 (collectively the "Union").

## Recitals

On October 23, 2002 ("Petition Date"), Debtors commenced these cases ("Cases") by filing voluntary petitions under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). On March 28, 2003, the Delaware Bankruptcy Court transferred venue of the Cases to the United States Bankruptcy Court for the Western District of North Carolina ("NC Bankruptcy Court"). By order dated September 8, 2006, the United States District Court for the Western District of North Carolina (the "NC District Court") withdrew the reference of the Cases from the NC Bankruptcy Court.

The Union represents that it was and currently is the exclusive collective bargaining representative for a bargaining unit comprising most of the individuals employed by the Debtors at all times relevant hereto including at the time the claims asserted in the Union Claims and those reflected in the WARN Act Judgment and the Back Wage Claim, were incurred (the "Covered Employees"). Attached hereto as Exhibit A is a listing of the Covered Employees.[1] The Union further represents that it has full power and authority to bind the Covered Employees. At the time of the Petition Date, the labor organization representing the Covered Employees was the Paper, Allied-Industrial, Chemical & Energy Workers International Union ("PACE") and its Local Union 2-1971. On April 15, 2005, PACE merged with the United Steelworkers of America, AFL-CIO·CLC to form the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industry and Service Workers International Union ("United Steelworkers"). On approximately October 4, 2002, the Union filed a complaint, on behalf of certain of the Covered Employees, against the Debtors, Purico (IOM) Limited, RF & Son Inc., Nathu Puri ("Puri") and Transamerica Business Capital Corporation alleging a violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101, et seq. (the "WARN Act"). A trial was held in federal district court in Asheville, North Carolina from May 3 to May 6, 2005 before Judge Lacy H. Thornburg. On March 31, 2006, Judge Thornburg issued a Memorandum of Decision (the "Decision") finding that a violation of the WARN Act had occurred and that RFS Ecusta Inc. and Puri, as RFS Ecusta Inc.'s alter ego, were liable for damages under the WARN Act. On

---

[1] This list may not be exhaustive. The failure to include a former employee of the Debtors on such list shall not exclude such employee from being bound by this agreement if the Union was the bargaining representative for such employee when his/her claim arose. If a former employee of the Debtors receives a check pursuant to this agreement and cashes the check, it shall conclusively establish that such employee is a Covered Employee pursuant to this agreement.

August 4, 2006, judgment was entered against the Trustee, as trustee of RFS Ecusta Inc., and Puri in the sum of $4,218,705.01 (the "WARN Act Judgment"). This sum includes WARN Act damages, pre-judgment interest, and attorneys' fees. On August 30 and August 31, 2006, respectively, Puri and the Trustee each filed a Notice of Appeal of the Decision and the WARN Act Judgment with the United States Court of Appeals for the Fourth Circuit.

During the Cases, the Union filed a number of proofs of claim against the Debtors, including Delaware claim nos. 480 and 482 and North Carolina claim nos. 47, 104, and 105 (the "Union Claims") on behalf of various Covered Employees. Certain of the Covered Employees executed powers of attorney in favor of the Union. Attached hereto as Exhibit B is a listing of those Covered Employees who executed powers of attorney in favor of the Union. In addition, the National Labor Relations Board filed a claim on behalf of a number of former employees seeking back pay for approximately 40 employees (North Carolina claim no. 111) (the "Back Wage Claim"). Further, certain of the Covered Employees filed individual proofs of claim against the Debtors (the "Individually Filed Covered Employee Claims"). (Any and all claims asserted by or on behalf of a Covered Employee, including those claims represented by the Union Claims, the Back Wage Claim and the Individually Filed Covered Employee Claims are referred to herein as the "Employee Claims").

The Trustee, and the Union acting for itself, its members, and the Covered Employees and as attorney-in-fact for certain of the Covered Employees, now wish to resolve fully and finally, as among themselves, all disputes which now exist with respect to liabilities among the Estates and the Covered Employees and the Union relating, in any way whatsoever, to or arising out of the Cases, the Decision, the WARN Act Judgment, the Union Claims or any transaction or dealings between and among each of them relating to any of the foregoing matters, including the Employee Claims.

The Trustee has informed the NC District Court that agreements in principle have been reached for settlement of the Trustee's claims against Nathu Puri and the entities currently affiliated with him in the adversary proceedings now pending in Case No. 3:06-CV-00386, (the "Puri/CNA Settlement"). The Trustee states that settlement of those matters together with settlement of the Employee Claims will enable the secured creditor to be paid in full, the Employee Distributees to receive their pro-rata share of the Estate Consideration and the Puri Release Consideration (the Trustee intends to exercise the Puri Release Option), and the general unsecured creditors to receive a dividend.

NOW, THEREFORE, intending to be legally bound, and in consideration of the mutual promises and other good and valuable consideration identified below, the parties hereto agree, subject to approval by the NC District Court, after notice and a hearing, as follows:

1. <u>RECITALS</u>.

   1.1 The Recitals set forth above are incorporated herein by reference and made a part hereof as though set forth herein.

2. <u>DEFINITIONS</u>. In addition to the terms defined in the Recitals and elsewhere herein, the following terms shall have the meaning set forth below for purposes of this Settlement Agreement:

2.1 "Employee Claim Injunction" means an injunction limiting the recovery with respect to Employee Claims to a share of the claims allowed herein for the benefit of the Employees and otherwise enjoining the assertion of the Employee Claims against the Trustee or the Debtors' Estates.

2.2 "Employee Distributees" means those Covered Employees entitled to share in the Estate Consideration or the Aggregate Consideration, as the case may be, by virtue of the WARN Act Judgment, the Union Claims, or having timely asserted claims against the Debtors.

2.3 "Employee Distributions" means the amounts to be distributed, subject to the terms of this Settlement Agreement, to the Employee Distributees.

2.4 "Final Order" means an order of the NC District Court, or any higher court of competent jurisdiction, as to which the time for filing a notice of appeal has expired with no notice of appeal having been filed, or if a notice of appeal has been filed, as to which such appeal has been fully and finally resolved.

2.5 "Professional Injunction" means an injunction limiting the recovery for those professionals who could assert a claim to the legal fees awarded in the WARN Act Judgment to a share of the claims allowed herein for the benefit of such professionals.

2.6 "Puri Parties" means Nathu Puri, Upendra Puri, Ajay Badhwar, Steven Smith, Purico (IOM) Limited, Purico US, Inc., RF & Son, Inc., Doorlock, Ltd., Ecusta Fibres Ltd., Ecusta Australia Pty. Ltd., Purico GmbH, Environmental Design Consultancy, Ancefin, Ltd., Total Acceptances Limited and any affiliates, persons or entities related to any of the foregoing.

2.7 "Puri Party Release" means the release given to the Puri Parties if the Trustee exercises the Puri Release Option.

2.8 "Puri Release Option" means the right of the Trustee to obtain a release of the Puri Parties from any liability or claims (a) in connection with the WARN Act Judgment or (b) otherwise held by the Union or any Covered Employees.

2.9 "Settlement Order" means an order of the NC District Court approving this Settlement Agreement after notice and hearing and shall include the Employee Claim Injunction and the Professional Injunction.

3. <u>UNDERTAKINGS AND RELEASES</u>.

3.1 <u>Settlement Amount</u>. The Union, acting for itself, its members, the Covered Employees and as attorney-in-fact for certain of the Covered Employees, shall

receive (a) an allowed unsecured, priority claim against the Debtors in the sum of $1.5 million; (b) an additional allowed unsecured, priority claim against the Debtors in the sum of $500,000 for the payment of the professional fees and expenses awarded in the WARN Act Judgment;[2] and (c) an allowed general unsecured claim against the Debtors in the sum of $750,000 (the sums referred to in (a), (b) and (c) are the "Estate Consideration").

If the Trustee exercises the Puri Release Option, the Union shall, in addition to the Estate Consideration, receive an allowed, unsecured, priority claim against the Debtors in the sum of $250,000 in consideration for the Puri Party Release (the "Puri Release Consideration" and together with the Estate Consideration, the "Aggregate Consideration").

3.2     Distributions.  The Trustee agrees to distribute the Estate Consideration or the Aggregate Consideration, as the case may be, to the Employee Distributees. Those with priority claims will get their pro rata share of the priority amount and those with general unsecured claims will get their pro rata share of the general unsecured amount.  The calculation of the distribution that each Employee Distributee is entitled to receive shall be determined by the Trustee, in consultation with counsel for the Union[, after the Employee Claims have been finally established through the claims allowance process].  In the event that the Trustee and the Union cannot agree upon the appropriate calculations, the NC District Court shall determine the appropriate calculations.

3.3     The Employee Distributions will be net of any payroll or other withholding taxes, which the Trustee is required to withhold and pay to the applicable authorities.

3.4     To the extent that any Employee Distributions are returned as undeliverable or are not negotiated within sixty days of mailing, the Trustee shall (i) consult with counsel for the Union and endeavor to locate the Employee to whom the Employee Distribution was attempted to be made, or that employee's heirs, (ii) if any Estate Consideration remains undistributed following (i), shall distribute such remaining consideration to the remaining Employee Distributees; provided, however, that the Trustee shall not be required to make any such distributions under $25.00; and (iii) if any Estate Consideration remains undistributed following (i) and (ii), comply with 11 USC § 347.

3.5     Withdrawal of WARN Act Appeal.  The Trustee shall withdraw his appeal of the WARN Act Judgment with prejudice within ten (10) business days of the conditions precedent in Section 3.6(a) herein being satisfied or waived.

3.6     Conditions Precedent.  (a) All provisions of this Settlement Agreement are contingent upon and shall not become effective unless the following two (2)

---

[2]     This claim shall be allocated by the Trustee per the written instructions of the Union; provided, however, that any disputes as to how such monies shall be divided among the professionals shall be determined by the NC District Court.

conditions precedent are satisfied: (i) the NC District Court has entered the Settlement Order (which shall, among other things, contain the Employee Claim Injunction and the Professional Injunction); and (ii) the Settlement Order has become a Final Order or the Trustee and the Union have each in writing waived the requirement for a Final Order.

(b)     The Puri Party Release and the Puri Release Consideration are contingent upon and shall not become effective unless the Trustee has provided to counsel for the Union written notice, within sixty (60) days of the conditions precedent in subsection 3.6(a) above being satisfied, of his exercise of the Puri Release Option. Such written notice may at the election of the Trustee specify that certain of the Puri Parties shall be excluded from the Puri Party Release.

3.7     <u>Court Approval</u>. The Trustee will promptly seek NC District Court approval of this Settlement Agreement pursuant to §105 of the Bankruptcy Code and Bankruptcy Rule 9019, after notice and hearing. If the Settlement Order becomes subject to an appeal by any party in interest before it becomes a Final Order, the Trustee and the Union may mutually agree in writing to waive the requirement of a Final Order at any time following ten (10) days after the entry of the Settlement Order. If the Final Order requirement is not mutually waived, either the Trustee or the Union may void this Settlement Agreement by written notice to the other party given at any time following thirty (30) days after the filing of the first notice of appeal ("Termination Notice").

3.8     <u>Release of the Union</u>.  (a) Subject to satisfaction of the conditions precedent in Section 3.6(a), in consideration of the agreements of the Union contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Trustee, on behalf of the Trustee, the Debtors and the Estates, and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges the Union, and its predecessors, successors and assigns, and its present and former shareholders, affiliates, subsidiaries, divisions, predecessors, directors, officers, attorneys, employees, agents and other representatives and the members of the Union (the Union and all such other persons being hereinafter referred to collectively as the "Union Releasees" and individually as a "Union Releasee"), of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which the Trustee, the Debtors or the Estates or any of their successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have against the Union Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arose or has arisen at any time on or prior to the Effective Date for or on account of, or in relation to, or in any way in connection with the Union's representation of the Debtors' employees; provided, however, that nothing contained herein shall preclude the Trustee from objecting to Employee Claims.

(b)     The Trustee understands, acknowledges and agrees that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     The Trustee agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.9     <u>Trustee's Covenant Not to Sue</u>.  The Trustee, on behalf of the Trustee, the Debtors and the Estates, and their successors, assigns, and other legal representatives, hereby absolutely, unconditionally and irrevocably, covenants and agrees with and in favor of each Union Releasee that he will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Union Releasee on the basis of any Claim released, remised and discharged by paragraph 3.8 above. If the Trustee or any successors, assigns or other legal representatives violates the foregoing covenant, the Trustee, for himself and his successors, assigns and legal representatives, agrees to pay, in addition to such other damages as any Union Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Union Releasee as a result of such violation.

3.10     <u>Release of Trustee</u>.  (a) Subject to the satisfaction of the conditions precedent in Section 3.6(a), in consideration of the agreements of the Trustee contained herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Union on behalf of itself and its successors, assigns, other legal representatives and its members, hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges the Trustee, and his predecessors, successors and assigns, and his present and former attorneys, employees, agents and other representatives, the Debtors and the Estates (the Trustee and all such other persons being hereinafter referred to collectively as the "Trustee Releasees" and individually as a "Trustee Releasee"), of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which the Union or any of its successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have against the Trustee Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arose or has arisen at any time on or prior to the Effective Date other than the Trustee's obligations pursuant to this Settlement Agreement.

(b)     The Union understands, acknowledges and agrees that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     The Union agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.11   The Union's Covenant Not to Sue.  The Union for itself, and its successors, assigns, other legal representatives and its members, hereby absolutely, unconditionally and irrevocably, covenant and agree with and in favor of each Trustee Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Trustee Releasee on the basis of any Claim released, remised and discharged by paragraph 3.10 above.  If the Union for itself or any successors, assigns or other legal representatives violates the foregoing covenant, the Union for itself and its successors, assigns legal representatives and its members, agrees to pay, in addition to such other damages as any Trustee Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Trustee Releasee as a result of such violation, which amounts shall be deducted from the Union's Claim and the distributions thereon.

3.12   Puri Party Release.  (a) Subject to the satisfaction of the condition precedent in Section 3.6(b), in consideration of the Puri Release Consideration and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Union for itself and its successors, assigns, other legal representatives and its members, hereby absolutely, unconditionally and irrevocably releases, remises and forever discharges the Puri Parties, and their present and former attorneys, agents and other representatives (the Puri Parties and all such other persons being hereinafter referred to collectively as the "Puri Releasees" and individually as a "Puri Releasee"), of and from all demands, actions, causes of action, suits, controversies, damages and any and all other claims, counterclaims, defenses, rights of set-off, demands and liabilities whatsoever (individually, a "Claim" and collectively, "Claims") of every name and nature, known or unknown, suspected or unsuspected, both at law and in equity, which the Union or any of its successors, assigns, or other legal representatives, may now or hereafter own, hold, have or claim to have against the Puri Releasees or any of them for, upon, or by reason of any circumstance, action, cause or thing whatsoever which arose or has arisen at any time on or prior to the Effective Date including any claims pursuant to the WARN Act Judgment.

(b)     The Union understands, acknowledges and agrees that the release set forth above may be pled as a full and complete defense and may be used as a basis for an injunction against any action, suit or other proceeding which may be instituted, prosecuted or attempted in breach of the provisions of such release.

(c)     The Union agrees that no fact, event, circumstance, evidence or transaction which could now be asserted or which may hereafter be discovered shall affect in any manner the final, absolute and unconditional nature of the release set forth above.

3.13   The Union's Covenant Not to Sue.  The Union for itself, and its successors, assigns, other legal representatives and its members, hereby absolutely, unconditionally and irrevocably, covenants and agrees with and in favor of each Puri Releasee that it will not sue (at law, in equity, in any regulatory proceeding or otherwise) any Puri Releasee on the basis of any Claim released, remised and discharged by paragraph 3.12 above.  If the Union or any successors, assigns or other legal representatives violates the foregoing covenant, the Union for itself and its successors, assigns, legal representatives and its members, agrees to pay, in addition to such other damages as any Puri Releasee may sustain as a result of such violation, all attorneys' fees and costs incurred by any Puri Releasee as a result of such violation, which amounts shall be deducted from the Union's Claim and the distributions thereon.

3.14   No Admission of Liability.  This Settlement Agreement is entered into as part of a settlement among the undersigned parties.  It does not constitute an admission by any party of any liabilities, rights, duties or obligations owed by that party to any other party.

4.   TERMS OF GENERAL APPLICATION.

4.1   Integration.  This Settlement Agreement and the documents executed and delivered pursuant hereto constitute the entire agreement between the parties and collectively they supersede all prior agreements, understandings or representations between the parties, oral or written, concerning the subject matter hereof.  No party, in entering into this Settlement Agreement, has relied on any representations or warranties not expressly set forth herein.

4.2   Due Authorization.  Each person signing this Settlement Agreement on behalf of a party represents and warrants to each other party that he or she has been duly authorized and has legal capacity to sign this Settlement Agreement on behalf of the party for which he or she is signing and thereby to bind such party to the terms hereof and that all necessary approvals of committees, boards or other individuals or entities with respect to the subject matter hereof, other than the NC District Court, have heretofore been obtained.

4.3   Advice of Counsel.  Each party represents and warrants to the other that it (a) understands fully the terms of this Settlement Agreement and the consequences of the execution and delivery of this Settlement Agreement, (b) has been afforded an opportunity to have this Settlement Agreement reviewed by, and to discuss this Settlement Agreement and the documents to be executed pursuant hereto or in connection herewith with, such attorneys and other persons as such party may wish, and (c) has entered into this Settlement Agreement and executed and delivered all documents in connection herewith of its own free will and accord and without threat, duress or other coercion of any kind.  The parties hereto acknowledge and agree that neither this Settlement Agreement nor any other documents executed pursuant hereto on in connection herewith shall be construed more favorably in favor of one than the other based upon which party drafted the

same, it being acknowledged that all parties hereto contributed substantially to the negotiation and preparation of this Settlement Agreement and the other documents executed pursuant hereto or in connection herewith.

4.4 Further Assurances. The parties hereto shall execute and deliver such additional documents and take such additional action as may be necessary or desirable to effectuate the provisions and purposes of this Settlement Agreement.

4.5 Severability. Any provision of this Settlement Agreement held by a court of competent jurisdiction to be invalid or unenforceable shall not impair or invalidate the remainder of this Settlement Agreement.

4.6 Counterparts. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which constitute one and the same agreement, and the signature pages from any counterpart may be appended to any other counterpart to assemble fully-executed counterparts. Counterparts of this Settlement Agreement also may be exchanged via electronic means, and a facsimile of any party's signature shall be deemed to be an original signature for all purposes.

4.7 Governing Law. THIS AGREEMENT SHALL BE GOVERNED BY, CONSTRUED AND ENFORCED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NORTH CAROLINA, WITHOUT REFERENCE TO THE CONFLICTS OR CHOICE OF LAW PRINCIPLES THEREOF.

4.8 Jurisdiction and Venue. The parties hereto irrevocably consent to the exclusive jurisdiction and venue of the NC District Court in connection with any dispute between or among them arising under or related to this Settlement Agreement and any other instruments executed pursuant hereto or in connection herewith.

4.9 Amendments in Writing. No change, addition to, amendment or modification of the terms of this Settlement Agreement shall be effective unless reduced to writing and executed by all the parties hereto.

4.10 Binding Effect. This Settlement Agreement shall be binding on and inure to the benefit of the parties hereto and their successors and assigns.

4.11 <u>Null and Void</u>.  This Settlement Agreement shall become null and void if approval thereof is denied by a Final Order of the NC District Court or if this Settlement Agreement is terminated pursuant to a Termination Notice.

CHAPTER 7 TRUSTEE


Name: Langdon M. Cooper
Title:    Chapter 7 Trustee
Executed solely in his capacity as Trustee of the
Estates and not individually.


UNITED STEELWORKERS

By: _____
Name: Christian L. Raisner
Title: Attorney Authorized


LOCAL 2-1971 UNITED STEELWORKERS

By: _____
Name: Christian L. Raisner
Title: Attorney Authorized

Acosta, Austroberto
Aiken, Donald L.
Aiken, Helen Jo
Aiken, Leogy William
Aiken, Lester M.
Aiken, Mary B
Aiken, Mary B.
Akers, Roy Dean
Allen, Gwendollyn A.
Allen, Gwendolyn A
Allison, Barron
Allison, Barron R
Allison, David
Allison, David G
Allison, Dorothy
Allison, Dorothy C
Almany, Maurice G., Jr.
Almany, Walter Dwayne
Anders, Bobby
Anders, Carolyn A
Anders, Carolyn A.
Anders, Dennis
Anders, Dennis L
Anders, Ronald Elliott
Anders, Wanda G
Anders, Wanda G.
Ansari, Mohammad Faris
Ansari, Mohammad Faris
Ashe, Charles
Ashe, Charles L
Ashe, Gary R.
Ashe, Jamie
Ashe, Jamie L
Ashe, John Edward
Ashe, Leesa
Ashe, Leesa G
Ashe, Leesa Galloway
Ashe, Paul B.
Ashe, Paul Bennett
Ashe, Raymond E.
Ashe, Steve Ernest
Atwell, Randy H.
Avery, Mallory
Avery, Mallory E
Ayers, Deborah O.
Ayers, Kenneth Daniel, Jr.
Ayers, Lynda Lou

Ayers, Rena
Ayers, Rena F
Bagwell, Augustus
Bagwell, Augustus L
Bagwell, Judith E.
Bagwell, Judith Edenfield
Bailey, Robert S.
Baines, Joyce Christine
Baker, David L.
Baldwin, Harold S.
Baldwin, Harold Stephen
Ball, Bruce
Ball, Dewayne Allen
Banks, Charles L.
Banks, Charles Larry
Banks, Rebecca A
Banks, Rebecca A.
Banther, Carolyn V
Banther, Carolyn V.
Barnett, Johnny E.
Barton, William A.
Barton, William Alton
Batson, Bryan Kevin
Battle, Lyndell
Battle, Lyndell S
Baynard, Michael Lee
Baynard, Timothy
Baynard, Timothy K
Baynard, Tommy
Baynard, Tommy B
Bell, John
Bell, John D
Bell, John D.
Bell, John D.
Benjamin, Thomas A
Benjamin, Thomas A.
Bentley Jr, William E
Bentley, William, Jr.
Bishop, Michael Carl
Black Stock, John R
Blackstock, John
Blythe, James
Blythe, James E
Blythe, Lawrence
Blythe, Lawrence S
Bowen, Dennis R
Bowen, Dennis R.

Bowen, Dennis R.
Boyd, Olivia
Boyd, Olivia W
Bracken, Edwin Arnold
Bradley, Arnold E.
Bradley, Delilah Mills
Breedlove, Donna Kaye
Brevard, Gregory Thomas
Briggs, Charles Robert
Brissey, Kenneth Truman
Brookshire, Deloyd
Brookshire, Deloyd E
Broome, Mark Stanley
Brown, Jimmy
Brown, Johnny Mack
Brown, Mildred P.
Brown, Ronnie D.
Brown, Sheilah C
Brown, Sheilah C.
Brown, William Jenning
Bryson, Erlinda
Bryson, Erlinda M
Bryson, Erlinda M.
Bryson, Ginger L
Bryson, Ginger L.
Bryson, Harris Keith
Bryson, James Richard, Jr.
Bryson, Phyllis L.
Bryson, Thomas
Bryson, Thomas M
Bryson, William P., Jr.
Buckner, David Vern
Burch, Robert L.
Burgess, Norma F.
Burnette, Charles
Burnette, Charles A
Burnette, Charles Ralph
Burnette, Wanda O.
Burns, Clarence D.
Burns, Clarence Dewey
Burrell, Glenn Bruce
Burrell, Glenn Bruce
Butler, Samuel
Butler, Samuel E
Cagle, Chester Allen
Cagle, Larry Odell
Cantrell, Judy Paulette

Cantrell, Louis
Cantrell, Louis A.
Cantrell, Mac
Cantrell, Sandra
Cantrell, Sandra D
Carr, Linda E
Carr, Linda E.
Chapman, Ola Roger
Chappell, Chester B.
Chappell, Clark Walter
Chappell, Edith Jo
Chappell, Karen F
Chappell, Karen F.
Chappell, Robert Keith
Chatman, Harold
Chatman, Ruby Jean
Clark, James W., Jr.
Clark, James, Jr.
Clayton, Lowell
Clayton, Lowell K
Clayton, Norman A
Clayton, Norman Anthony
Clayton, Norman Anthony
Clayton, Teresa N.
Clayton, Tommy Gene
Clement, Alice C
Clement, Alice C.
Coleman, Harry T.
Coleman, James C
Coleman, James C.
Coleman, William R.
Collins, Jerry B.
Compton, Charles
Compton, Charles E.
Conley, Barry Lee
Conrad, Frank R
Conrad, Frank R.
Cook, Jesse N.
Cooke, Randall Haynes
Cooke, Roger Dean
Cooper, Douglas W.
Cooper, Douglas Wayne
Cope, James Ronald
Corhn, John Henry, Jr.
Corn, Harold L.
Corn, Jeffrey Leland
Corn, Nancy Reese

Cowart, Lewis H.
Cox, James Allen
Cox, Robin Dwain
Craig, Frances H.
Crane, Harry L., Jr.
Crane, Patricia Annette
Crane, Robert Lee
Creasman, Frances Conley
Crowe, James Lynell
Crowe, Robert S.
Crowe, Roger Dale
Cubero, Frank J.
Cubero, Frank, Jr.
Cunningham, Charles L.
Curlee, Lewis Earl
Dalton, Jimmie Howard
Daves, Jessie Cecil
Daves, Ronnie T
Daves, Ronnie T.
Davis, Charles Albert
Davis, Charles R.
Dellinger, Ralph Wayne
Demers R, Maurice M
Demers, Maurice
Dillard, Charles Barry
Dillard, Terry Lee
Dodson, James Ross
Dodson, John Phillip
Dodson, Mary A
Dodson, Mary A.
Dodson, Teresa A.
Duckworth, Danny L
Duckworth, Danny L.
Dunbar, David L
Dunbar, David Lavon
Dunbar, David Lavon
Duncan, Malinda S.
Duncan, Ronnie Lee
Edington, Sherry A
Edington, Sherry A.
Edmonds, Ernest
Edmonds, Ernest W
Edwards, John N.
Edwards, John Nelson
Edwards, Michael
Edwards, Michael L
Elliot, Angela G.

Elliott, Angela K.
Elliott, Grady I., Jr.
Ellis, Wayne M.
English Jr, Edwin S
English, Edwin S., Jr.
English, Edwin Stuard, Jr.
English, Edwin Stuart, Jr.
English, Ronnie Carl
Ervin, Ronald C.
Eubanks, Angelia D.
Eubanks, Patricia B
Eubanks, Wayne
Fair, Vonda Houck
Feil, Eugene
Fell, Eugene R
Figueroa, Louis
Fisher, Carol A
Fisher, Carol Ann
Fisher, Carolyn
Fisher, Carolyn Ann
Fisher, Christine
Fisher, Christine A
Fisher, Douglas Leon, Jr.
Fisher, Glenville Ray
Fisher, Harold R.
Fisher, Harold R., Sr.
Fisher, Larry Keith
Fisher, Penny
Fisher, Penny A
Fleming, Jeffrey Redden
Fletcher, Calvin
Fletcher, Irma Y.
Fletcher, Steven Michael
Flynn, Carolyn
Flynn, Carolyn L
Flynn, Carolyn L.
Flynn, Carolyn L.
Forester, Dewey
Forester, Dewey L
Forester, Dewey Lynn
Forester, Dewey Lynn
Forshee, Anita
Forshee, Anita R
Foster, Timothy I.
Foster, Victor L.
Foster, Wallace K., Jr.
Fox, Robert Jeffrey

Franklin, Catherine L.
Franklin, Clarence L
Franklin, Clarence L.
Franks, Charles Randall
Freeman, David Rogers
Freeman, Michael
Freeman, Michael C
Freeman, Roy C.
Frisbee, Jerry M.
Fulp, Jaime L.
Fulp, Jamie L
Fulp, Jennifer R
Fulp, Jennifer Rebecca
Gaddy, Lawrence E.
Gaddy, Sylvia Jean
Galloway Ashe, Leesa
Galloway, Boyce Jimmy
Galloway, Clyde Eugene
Galloway, Debbie
Galloway, Debbie L
Galloway, Erick
Galloway, Gary Martin
Galloway, J. C.
Galloway, James Alee
Galloway, Jerry
Galloway, Keith Houston
Galloway, Mary T.
Galloway, Michael Wallace
Galloway, Phillip L
Galloway, Phillip L.
Galloway, Randall
Galloway, Randall M
Galloway, Randall Martin
Galloway, Randall Martin
Galloway, Robert Terry
Galloway, Shirley J
Galloway, Shirley J.
Galloway, Steven E
Galloway, Steven E.
Galloway, Tricia
Galloway, Tricia S
Galloway, Tricia Sue
Galloway, Tricia Sue
Galloway, William T.
Gantt Jr, John A
Gantt, John, Jr.
Gantt, Roy O.

Garland', Elvia G
Garland, Elvia G.
Garlits, Paul Wayne
Garren, Brandon Lloyd
Garren, Gerald H.
Garren, Kay
Garren, Kay G
Garren, Kay G.
Garren, Kay G.
Garren, Robert Larry
Garren, Sharon L.
Garren, William Eugene, Jr.
Garren, William Max
Garrett, James Mitchell
Gash, Dwight Lavern
Gash, Valencia M
Gash, Valencia M.
Gasperson, Paulette Hooper
Gasperson, Roger E.
Gentry, John Ray
Gillespie, Donna C.
Gillespie, Michael Henry
Gillespie, Roger Dale
Gillespie, Sandra
Gillespie, Sandra J
Gillespie, Thomas William
Glover, Nancy
Glover, Nancy F
Good, Thomas Joseph
Goodson, James A.
Gordon, Vincent Alexander
Graham, Ronnie Lee
Gravley, James R.
Green, Raymond
Gregory, Larry Wilson
Griffin, Dorothy A
Griffin, Kenneth
Griffin, Kenneth W
Griffin, Terry L.
Griffin, William Leonard
Grogan, Karen K
Grogan, Karen K.
Guice, David Monroe
Guice, Kenneth Wayne
Guice, Tony A
Guice, Tony A.
Guice, Ulas C

Guice, Ulas C.
Hall, Dennis Howard
Hall, Donnie V
Hall, Donnie V.
Hall, Donnie Vee
Hall, Donnie Vee
Hall, Naomi E
Hall, Naomi E.
Hamilton, James E.
Hampton, Denny Preston
Harris, Huey William, Jr.
Harris, Jr., Huey W.
Hatherlee, Michael
Hatherlee, Michael
Hawkins, Brenda
Hawkins, Brenda K
Hayes, Davida
Hayes, Davida H
Hayes, Donald I
Hayes, Donald I.
Heath, James M.
Heatherly, Larry Kendall
Hemphill, Tojuana L
Hemphill, Tojuana L.
Henderson, Christy M
Henderson, Christy M.
Henderson, Christy Marie
Henderson, Glenda M
Henderson, Glenda M.
Henderson, Glenda Marie
Hendricks, Timothy B
Hendricks, Timothy B.
Hensley, Barry Keith
Hipp, Raymond Dennis
Holden, Perry M
Holden, Perry M.
Holden, Robert Gary
Holden, Ruth C
Holden, Ruth C.
Holland, Bryan Scott
Holland, Harold Dean
Holland, Jackie S
Holland, Jackie S.
Holland, Lyle Richard
Holland, Marvin K.
Holliday, Gary David
Hollifield, Gary E.

Hollifield, Gary H
Hollingsworth, Martha G
Hollingsworth, Martha G.
Honeycutt, Linda
Honeycutt, Linda L.
Honeycutt, Stanley G
Honeycutt, Stanley G.
Honeycutt, Virginia C
Honeycutt, Virginia C.
Hooper, Dwight D.
Hooper, Kevin L.
Howell, Ollie R
Howell, Ollie R.
Howell, Samuel O., Jr.
Hoxit, Archie Eugene
Hoxit, Bobby D.
Hoxit, Harold Thomas
Hoxit, John J
Hoxit, John J.
Hoxit, Raymond Ronnie
Hoxit, Roy
Hoyle, Jane D.
Hubert, Roy Davis
Hudson, Charles E.
Hudson, Lois A
Hudson, Lois A.
Hudson, Rachael C.
Huggins, Diane P
Huggins, Diane P.
Hughey, Sarah G.
Hunter, Richard S
Hunter, Richard S.
Hutcheson, Debbie J
Hutcheson, Debbie J.
Inman, Terry W.
Jackson, Burgin Grover
Jackson, Caroll A
Jackson, Caroll A.
Jackson, Darrell Eugene
Jarret, Marilyn M.
Jarrett, Douglas L.
Johnson, Charles L.
Johnson, Flora E.
Johnson, Jerry Lynn
Johnson, Johnny Wayne
Johnson, Ralph J
Johnson, Ralph J.

Johnston, Sharon Stamey
Johnstone, Cecelia Whitesides
Jones, Charles Lewis
Jones, Ellison D
Jones, Ellison D.
Jones, Mark Anthony
Jones, Maurice Lamont
Jones, Spencer L.
Jones, Vernon C.
Kaiser, Julius Herman, III
Keener, James A
Keener, James A.
Keenum, Charles Herbert
Kelley, Bonita M
Kelley, Bonita M.
Kelley, Bonita M.
Kelley, Charles
Kelley, Charles S.
Kenney, Carolyn McCall
Kilgore, James Thomas
Kimsey, Rita F
Kimsey, Rita F.
King, Mitchell M.
Kinsey, Sue H
Kinsey, Sue H.
Kinsey, Sue Hellen
Kinsey, Sue Hellen
Koone, Antonia G
Koone, Antonia G.
Lambert, Robert E.
Lancaster, Roderick A
Lancaster, Roderick A.
Lancaster, William Maurice
Lance, Brandon Michael
Lance, Charles M
Lance, Charles M.
Lance, Dan
Lance, Hilda Frances
Lance, Paula J
Lance, Paula J.
Lance, Ray A.
Landreth, Chris J.
Landreth, Christopher John
Landreth, David Leon
Landreth, Deborah H
Landreth, Deborah H.
Landreth, Deborah H.

Landreth, John E
Landreth, John E.
Landreth, Johnny D
Landreth, Johnny D.
Landreth, Stephen L.
Lankford, Wales Randall, Jr.
Larkin, Victoria M.
Leopard, Thomas Gerald
Leopard, Thomas Ray
Leslie, Phil J.
Leverette, Larry Dean
Lewis, Jerry Phillip
Lewis, Wilma
Lindner, Jean B
Lindner, Jean B.
Livingston, Guy Douglas
London, John H
London, John H.
Long, Steven Wayne
Lowery, Carolyn Henson
Lowery, Douglas Barnard, Sr.
Lyday, Alice N
Lyday, Alice N.
Lyday, Ernest Steve
Lynch, Jack
Lynch, Kelly Lee
Lynch, Vincent E.
Mahoney, James B
Mahoney, James B.
Maney, Bruce Wayne
Manley, Rhonda
Manley, Rhonda E.
Mann, Johnny Keith
Mann, Ralph Leon, Jr.
Mann, Terry Keith
Marlowe, John Steven
Marlowe, Patricia B.
Marshall, Donald K.
Martin, Billy Joe
Martin, Billy Joe
Martin, Jerome Scott
Massing.Le, Bonnie L
Massingale, Bonnie L.
Mathes, Edna
Mathes, Edna D.
Mathis, Ruth R.
Maybin, Samuel F

McBride, Thomas Edward
Mccall Sr, Kenneth S
McCall, Danny Lee
Mccall, David W
McCall, David W.
Mccall, Dianna L
McCall, Dianna Lynn
McCall, Gary L.
McCall, Gerald Steve
Mccall, James D
Mccall, James D
McCall, James D.
McCall, James David
McCall, K. Scott, Sr.
McCall, Kenneth S., Sr.
Mccall, Leona F
McCall, Leona F.
McCall, Margaret M.
Mccall, Michael 0
McCall, Michael O.
McCall, Robert D.
McCall, Stanley Dale
McCall, Tommy Lee
McCall, Tony Sylvanance
McCall, Tracy Devon
McCauley, Phillip Martin
McCauley, Ronald E.
McClain, Leon B., Sr.
Mccoy, Diann G
McCoy, Diann G.
McCrary, Arnold Eugene
McCrary, Frederick E.
McCrary, Robert Dale
McCrary, Sherrell Preston
McDaniel, Margaret Smith
McDuffie, Robert Anthony
McFadden, Stephen Franklin
McGaha, Jimmy E.
McGaha, Jimmy E., Sr.
McIntyre, Kenneth G.
McJunkin, Daniel Lee
McKelvey, Freda Chapman
McKelvey, William Perry
Mcminn, Sharon D
McMinn, Sharon D.
Medford, Jackie L
Medford, Jackie L.

Meece, Eric C.
Meece, Randall E
Meece, Randall E.
Mehalic, Joseph J
Mehalic, Joseph J.
Merrill, Betty C
Merrill, Betty C.
Merrill, Crystal D
Merrill, Crystal D.
Merrill, James T.
Merrill, James Thomas
Merrill,, James T
Metz, Edwina Pat
Michael Jr, Terry L
Michael, Terry L., Jr.
Miller, Gary Allen
Miller, Jannette M
Miller, Jannette M.
Miller, Kenneth L
Miller, Kenneth L.
Miller, Kenneth Larry
Miller, Larry Allen
Miller, Linda S
Miller, Linda S.
Miller, Linda Smith
Miller, Linda Smith
Monteith, Gary Michael
Moody, Gerald L.
Moody, Loretta C.
Mooney, Benny L.
Mooney, Jerome C
Mooney, Jerome C.
Moore, Charles Ray
Moore, Diane T.
Moore, Donald N
Moore, Donald N.
Moore, Thomas J.
Morgan, Deborah Ann
Morgan, Gary Pace
Morgan, Helen Reid
Morgan, Rebecca L
Morgan, Rebecca L.
Morgan, Rebecca Lynne
Morgan, Rebecca Lynne
Morgan, Timothy Bruce
Morgan, Troy Leon
Morgan, William A.

Morris, Kenneth W.
Morris, Stephen O.
Morris, Thomas Harold
Morrison, Charles Howard
Mull, Merry Deanna
Murdock, Carolyn P.
Myers, Jeffrey Scott
Neill, Clara M
Neill, Clara M.
Nelson, David
Nelson, David S.
Nicholson, Alan Keith
Nicholson, Michael
Nicholson, Pauline L
Nicholson, Pauline L.
Nicholson, Roger Finlay
Nicholson, Terry N
Nicholson, Terry N.
Norman, George Ray
Norman, Nell W
Norman, Nell W.
Norris, David Edward
Norris, James R
Norris, James R.
Norton, Ralph R.
Norton, Roderick L.
O'Dell, Joseph P.
Orr, Howard Roger
Orr, James Lynn
O'shields, Jonathan B
O'Shields, Jonathan B.
Owen, Barbara D
Owen, Barbara D.
Owen, Berlin C.
Owen, Bonnie S.
Owen, Carrol Fisher
Owen, Charles E.
Owen, Deloris M
Owen, Deloris M.
Owen, Dorothy P
Owen, Dorothy P.
Owen, Dwayne E
Owen, Dwayne E.
Owen, Ernest L.
Owen, Eugene
Owen, Fonda I.
Owen, Gary Lewis

| | | |
|---|---|---|
| Owen, Glenda B. | Pangle, Nita M. | Pressley, Carroll 0 |
| Owen, Glenda Baker | Paris, Mikle C | Pressley, Carroll O. |
| Owen, Glenda Faye | Paris, Mikle C. | Pressley, Leonard Phillip |
| Owen, Grady Colombus | Parker, Angela Darlene | Pressley, Rickey Randall |
| Owen, Gurlie Ralph | Parker, Melba Jean | Price, John Albert |
| Owen, Hoyt E. | Parris, Billy W | Pridmore, Frank David |
| Owen, James William | Parris, Billy W. | Pridmore, Jack W. |
| Owen, Jeffrey D | Parris, Thomas D | Pullum, Billy Joe |
| Owen, Jeffrey D. | Parris, Thomas D. | Queen, Kenneth MacArther |
| Owen, Jerry Steve | Parrish, Diane D | Queen, Vickie Lynn |
| Owen, John Everette | Parrish, Diane D. | Rackley, James A., Sr. |
| Owen, John Houston | Patterson, Leva Darlene | Raines, Shelby Jean |
| Owen, Joretta G | Patterson, Pauletta M | Ramey, Earl Daniel |
| Owen, Joretta G. | Patterson, Pauletta M. | Rathbone, Daniel Jerome |
| Owen, Karen J | Payne, Kenneth A. | Redmond, Dorothy W. |
| Owen, Karen J. | Payne, Rita S | Reese, James Steven |
| Owen, Kimberly R | Payne, Rita S. | Reid, Claude E. |
| Owen, Kimberly R. | Payne, Rita S. | Reid, Richard Keith |
| Owen, Linda L | Payne, Robert A. | Reid, Ronald L. |
| Owen, Linda L. | Payne, Teresa F | Reynolds, Saul |
| Owen, Michael | Payne, Teresa F. | Reynolds, Saul |
| Owen, Michael D | Perry, Michael L. | Rice, Clyde Mikey |
| Owen, Michael D. | Petit, Eric Russell | Rice, David Lee |
| Owen, Michael Gary | Pharr, David Royce | Rice, Terry G |
| Owen, Michael L. | Phillips, Mary L | Rice, Terry G. |
| Owen, Patricia B | Phillips, Mary L. | Rice, Terry Glenn |
| Owen, Patricia B. | Phillips, Robin Terry | Rice, Virginia A. |
| Owen, Patricia Bessie | Phipps, Brenda K | Richey, William G |
| Owen, Patricia Bessie | Phipps, Brenda K. | Richey, William G. |
| Owen, Ronald Lloyd | Phipps, Brenda Kay | Rickards, Mark A |
| Owen, Stephen Lee | Phipps, Brenda Kay | Rickards, Mark A. |
| Owen, Troy Cecil | Pierson, Larry J. | Riddle, Brian D |
| Owen, Walter A. | Piper, Daniel E | Riddle, Brian D. |
| Owen, Willie Sherman | Piper, Daniel E. | Rider, Brenda M. |
| Owenby, Larry W | Ponder, Ronnie D. | Roberts, Donald M. |
| Owenby, Larry W. | Poole, Danny Charles | Robertson, Andrea Loriane |
| Owenby, Stewart W | Pope, Craig Neal | Robinson, Frances L |
| Owenby, Stewart W. | Potter, Vicki L | Robinson, Frances L. |
| Owens, Patricia A | Potter, Vicki L. | Robinson, James Ray |
| Owens, Patricia A. | Powell, Harry M. | Robinson, Judy S |
| Owens, S. T. | Powell, Harry R. | Robinson, Kevin Dean |
| Pace, Charles Edward | Powell, Henry Mauldin | Robinson, Richard Alonzo |
| Pace, Mark C | Powell, Jerry E. | Robinson, Terry Michael |
| Pace, Mark C. | Powell, Randall Scott | Rogers, Betty M |
| Pace, Shirley M. | Pressley, Carl M | Rogers, Betty Metcalf |
| Pangle, Alan W. | Pressley, Carl M. | Rogers, Harvey G., III |
| Pangle, Nita M | Pressley, Carl Milton | Rogers, John R |

Rogers, John R.
Rogers, Michael C.
Rogers, Robert Ira
Rogers, Robert Timothy
Rowe, Brian Edward
Russell, Anita Hoxit
Russell, William Carlous
Rybka, Joe M
Rybka, Joe M.
Sader, Frederick W.
Saiz, Nick J
Sales, Stephen C
Sales, Stephen C.
Salter, Jackie L.
Salter, Jerry L.
Salter, Varian S
Salter, Varian S.
Salter, Varian S.
Salz, Nick Joe
Sanders, Carolyn P
Sanders, Carolyn Phipps
Sansosti, Joseph Anthony
Self, James Henry
Sentelle, Brenda Joyce
Sentelle, Dawn S.
Sentelle, Douglas G
Sentelle, Douglas G.
Sentelle, Kerry Lynn
Shekels, Howard Dee
Shell, Ray Loyd
Shelton, Barbara H
Shelton, Barbara H.
Shelton, Deborah J
Shelton, Deborah J.
Shelton, Randall Leroy, Jr.
Shelton, Waybern Coy
Sheridan, Jennifer K
Sheridan, Jennifer K.
Sherlin, Amy F
Sherlin, Amy M.
Shipman, Harold D.
Shook ', Larry E
Shook, Delana M
Shook, Delana M.
Shook, Larry E.
Shook, Larry Edward
Shook, Larry Edward

Shook, Vance Randall
Si5k, Nancy B
Simmons, Betty R
Simmons, Betty R.
Simmons, Joel Perry
Simpson, John Thomas
Simpson, Keith M.
Singleton, James E:, Jr.
Siniard, Hugh Logan
Siniard, Nathan W.
Sisk, Lesley Blane
Sisk, Nancy B.
Sizemore, Charles Lee
Slagle, Donald Jurile
Smith, Alice M
Smith, Alice M.
Smith, David Ronald
Smith, Edgar James, Jr.
Smith, Jean Dale
Smith, Jimmy Dale
Smith, Linda L
Smith, Linda L.
Smith, Lisa Miller
Smith, Marlene R.
Smith, Raymond A.
Smith, Richard Francis, Jr.
Smith, Richard Harold
Smith, Robert Gudger, III
Snipes, Betty Lou
Snipes, Charles E.
Snipes, Ray L.
Snyder, Leon S
Snyder, Leon S.
Sorrells, Mary J
Sorrells, Mary J.
Sorrells, Mary Jane
Sorrells, Mary Jane
Souther, Stephen Morrow
Sprouse, Dwight O.
Sprouse, Oatzel Dwight
Sprouse, Richard Edward
Sprouse, Ruby R.
Stamey, Dewey J.
Stamey, Dewey Jay
Stamey, Dewey Jay
Staney, Dewey J
Stanley, Mark Douglas

Stansel, Cheryl L
Stansel, Cheryl L.
Stepp, Darlene M.
Stepp, Gary T
Stepp, Gary T.
Stewart, James D
Stewart, James D.
Stewart, Sandra J
Stewart, Sandra J.
Stiles, Earnest William
Stiles, Patricia Ann
Stiles, Ronnie
Stone, Vincent F., Jr.
Stroup, Charles Rufus
Stroup, Gregory D
Stroup, Gregory D.
Stroup, Shelley S
Stroup, Shelley S.
Stroup, Suzanne C.
Stuart, Jerry Lee
Suber, David Calvin
Sumner, James F.
Sumner, James F.
Surrette, Peter V.
Suttles, James Alvin
Suttles, Johnny Lee
Talley, Gary Michael
Taylor, Alice L.
Taylor, Floyd W
Taylor, Floyd W.
Taylor, Gary O.
Taylor, Robert M
Taylor, Robert M.
Thomas, James Lewis
Tilson, Glenn Thomas
Tilson, Steve Delman
Tinsley, Frank Eugene
Trent, Joseph Richard
Tritt R, Danny T
Tritt, Danny T.
Tritt, John Larry
Tritt, Rita Gayleen
Tritt, Shirley B.
Trotter, Billie D.
Tucker, Doug H
Tucker, Doug H.
Underwood, Rose M

Underwood, Rose M.
Underwood, Rose Mary
Vaughan, Ellen D
Vaughan, Ellen D.
Vaughan, Lori B
Vaughan, Lori B.
Volrath, Margaret C
Volrath, Margaret Christine
Walker, Billy Dennis
Walker, Danny
Walker, Evelyn L.
Walker, Kenneth E.
Ward, Kimberly M
Ward, Kimberly M.
Warren, Charles Willard, Jr.
Washington, Virginia Denise
Waters, Frankie E.
Waters, Franklin E
Waters, Ronald L
Waters, Ronald L.
Watkins Jr, Curtis E
Watkins, Curtis E., Jr.
Watson, Elizabeth K.
Watson, Joseph Evan
White, Kimberly B
White, Kimberly B.
White, Steven T.
Whiteside, Gilbert F
Whiteside, Gilbert F.
Whitesides, Jerry Lee
Whitesides, Terry L
Whitesides, Terry L.
Whitlock, W. H.
Whitlock, Winfred Harrison
Whitmire, Brian Keith
Whitmire, Christopher Edwin
Whitmire, Edward L.
Whitmire, Gary Stephen
Whitmire, James Ray
Whitmire, Jerry L.
Whitmire, Jerry Lee
Whitmire, Kimberly D
Whitmire, Kimberly D.
Whitmire, Linda F
Whitmire, Linda F.
Whitmire, Linda Faye
Whitmire, Linda Faye

Whitmire, Marcus Blake
Whitmire, Philip Michael
Whitmire, Stacy D
Whitmire, Stacy D.
Whitmire, Stacy Douglas
Whitmire, Stacy Douglas
Wiggins, Joseph
Wiggins, Joseph L.
Wiggins, Mary E
Wiggins, Mary E.
Wilkes, Harold N.
Wilkes, Marvin Craig
Williams, Albert Wayne
Williams, Sandra K.
Williamson, Tommy Lee
Wilmot, Keith Edwin
Wilson, Bobby Ray
Wilson, Bobby Ray
Wilson, Cecil Wayne
Wilson, Clyde M
Wilson, Clyde M.
Wilson, David Michael
Wilson, Michael R.
Wines, Jackie Allen
Wolfe, Martha H.
Wood Jr, James T
Wood, James T., Jr.
Wood, Leonard Wayne
Woodard, Carol C
Woodard, Carol Cable
Woodring, Robert S.
Wyatt Charles D
Wyatt, Charles D.
Wynn Elizabeth
Wynn, Elizabeth A.
Wynn, Lennette A.
Wynn, Lennon N.
Wynn, Lindsey Edward
Young Teresa D
Young, Hale Dedric
Young, Teresa D.
Zachary, Jimmy L.

| | | | |
|---|---|---|---|
| Acosta | Austroberto | | |
| Ashe | Steve | Ernest | |
| Bailey | Robert | S. | |
| Barton | William | Alton | |
| Bradley | Arnold | E. | |
| Burch | Robert | L. | |
| Burns | Clarence | Dewey | |
| Burrell | Glenn | Bruce | |
| Chappell | Edith | Jo | |
| Chappell | Chester | B. | |
| Compton | Charles | E. | |
| Cooper | Douglas | Wayne | |
| Crowe | Robert | S. | |
| Edwards | John | Nelson | |
| Foster | Wallace | K. | Jr. |
| Galloway | Clyde | Eugene | |
| Galloway | Mary | Helen T. | |
| Garlits | Paul | Wayne | |
| Gregory | Larry | Wilson | |
| Guice | David | Monroe | |
| Harris | Huey | William | Jr. |
| Holland | Harold | Dean | |
| Holland | Marvin | Kenneth | |
| Lance | Hilda | Frances | |
| Livingston | Guy | Douglas | |
| Marlowe | John | Steven | |
| Martin | Billy | Joe | |
| McCauley | Phillip | Martin | |
| McCrary | Frederick | E. | |
| McCrary | Sherrell | Preston | |
| McDuffie | Robert | Anthony | |
| McKelvey | William | Perry | |
| Meece | Eric | C. | |
| Mooney | Benny | L. | |
| Norton | Roderick | L. | |
| Owen | Carrol | Fisher | |
| Owen | Charles | E. | |
| Owen | Eugene | | |
| Patterson | Leva | Darlene | |
| Powell | Harry | Mauldin | |
| Reid | Ronald | L. | |
| Rogers | Michael | C. | |
| Rogers | Harvey | G. | III |
| Rogers | Robert | Ira | |
| Sizemore | Charles | Lee | |
| Sprouse | Ruby | R. | |
| Tritt | Shirley | B. | |
| Whitmire | Jerry | Lee | |
| Williams | Albert | Wayne | |