

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

| | |
|---|---|
| IN RE:<br><br>**RFS ECUSTA INC. and**<br>**RFS US INC.**<br><br>Tax I.D. No.: 23-3081989<br>23-3081990<br><br>Debtors | Bankruptcy Case No. 03-10360<br>Bankruptcy Case No. 03-10358<br>Chapter 7<br>Jointly Administered |

## SUPPLEMENTAL ORDER

This matter came on to be heard on the oral motion of the Trustee for a contingent protection until he receives the original Affidavit from Upendra Puri, and it appears to be in the best interest of the estates, and it is therefore,

**ORDERED** that the Trustee shall continue to hold what is known as the Ancefin Proceeds of approximately $2.6 million until such time as he receives the original Affidavit of Upendra Puri, as set forth in the attached unexecuted draft; and if the Affidavit is not received within five (5) business days the Trustee shall contact the Court so that it can determine the next action to take.

This the 18th day of March, 2008.

Graham C. Mullen
United States District Court Judge

## AFFIDAVIT OF UPENDRA PURI

| COMMONWEALTH OF PENNSYLVANIA | ) | |
|---|---|---|
| | ) | ss.: |
| COUNTY OF NORTHAMPTON | ) | |

UPENDRA PURI, being duly sworn, deposes and states:

1. I served at one time as an officer and director of RFS Ecusta Inc. and RFS US Inc., the Debtors in the above-captioned bankruptcy cases. The statements in this affidavit are based upon my personal knowledge.

2. In August 2001, the Debtors purchased the Ecusta paper mill in Pisgah Forest, North Carolina from P.H. Glatfelter Company.

3. At that time, RF & Son, Inc. ("RF & Son"), a corporation organized under the laws of the State of Delaware, owned 100% of the shares of the Debtors; Purico US Inc. ("Purico US"), a corporation organized under the laws of the State of Delware, owned 100% of the shares of RF & Son; and Purico (IOM) Limited, a limited liability company formed under the laws of the Isle of Man owned 100% of the shares of Purico US.

4. I have learned that, in the years between 2002 and 2004, Purico (IOM) Limited sold its 100% ownership interest in Purico US Inc. to Mr. Sanjeev Kaura, whose address was 6 Unicorn House Commercial Complex, 1-3 Janak Puri, New Delhi, India.

5. In November 2007, I received a copy of a letter that was addressed to Mr. Kaura and Mr. John Koach, a director of RF & Son, from Langdon M. Cooper as Chapter 7 Trustee for the Debtors. In that letter, Mr. Cooper informed Messrs. Kaura and Koach that the Trustee had filed an Objection to two unsecured claims that RF & Son had filed against the bankruptcy estates of the Debtors and enclosed: (1) the Objection to the Claims, and (2) a Notice of Opportunity for Hearing on Objection to the Claims. In addition, Mr. Cooper proposed that RF & Son sign an agreement to withdraw its claims and that Mr. Cooper, on the one hand, and RF & Son and Purico US, on the other hand, execute a mutual general release of any claims that either one had against the other.

6.  I know that Mr. Kaura received a copy of Mr. Cooper's letter because we discussed its contents during a telephone conversation in December 2007. Subsequent to that telephone conversation, I had another conversation with Mr. Kaura. During this later conversation, Mr. Kaura advised me that he would sign the mutual general release, as the owner of Purico US and its wholly owned subsidiary RF & Son, in exchange for an agreed compensation.

_____
Upendra Puri

Sworn to before me this ___
Day of March, 2008

_____
Notary Public