IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 06-386

-------------------------------------------------------------- X

In re:            :   Chapter 7

                      :

RFS ECUSTA INC. and     :   Case Nos.    03-10358 (GRH) and
RFS US INC.,            :   and           03-10360 (GRH)

                      :

          Debtors.       :   (Jointly Administered and
                      :    Substantively Consolidated)

-------------------------------------------------------------- X

## ORDER (I) FIXING DEADLINE OR BAR DATE FOR FILING OF REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS BY CHAPTER 11 PROFESSIONALS AND ANY OTHER ADMINISTRATIVE EXPENSE CLAIMANTS; AND (II) APPROVING RELATED PROCEDURES

Upon the oral motion (the "Motion") of Langdon M. Cooper, as Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of RFS Ecusta Inc. and RFS US Inc. (together, the "Debtors") at the hearing held on September 11, 2008 for an order (i) establishing a deadline or bar date for the filing of requests for allowance of administrative expenses by professionals retained by Court Order in the Debtors' prior Chapter 11 cases and by any other Person, entity or Governmental Unit that asserts an administrative claim arising on or before the date of this Order (including during the Debtors' prior Chapter 11 cases); and (ii) approving the form and manner of notice of such bar date, and the Court having jurisdiction to establish an administrative bar date; and upon the record made at the hearing on the Motion; and it appearing that the requested relief is necessary for the efficient administration of the Estate; and notification of the relief granted by this Order and the administrative bar date in the manner proposed by the Trustee, as set forth herein, is fair and reasonable and will provide good, sufficient, and proper notice to all affected parties; and the Court having determined that the relief requested is in the best interests

of the Estate and all other parties-in-interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy Code"), professionals retained by Order of the Bankruptcy Court in the Debtors' prior Chapter 11 cases (the "Chapter 11 Professionals") as well as all other Persons, entities or Governmental Units who may be entitled to assert an administrative claim under section 503(b) of the Bankruptcy Code against the Debtors arising on or before the date of this Order (including during the Debtors' prior Chapter 11 cases) <u>must</u> file a written request for payment of such administrative claim (an "Administrative Expense Request") in accordance with the form attached hereto as Exhibit A, together with all documentary support for such claim and in accordance with the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court, with the Court and must further serve the same upon: (i) Langdon M. Cooper, Esq., Mullen Holland & Cooper, P.A., P.O. Box 488, Gastonia, NC 28053, and (ii) Moses & Singer, LLP, The Chrysler Building, 405 Lexington Avenue, New York, New York 10174, Attention: Alan E. Gamza, Esq., **so as to be received by no later than 4:00 p.m. Eastern Standard Time on November 6, 2008 (the "Administrative Bar Date")**; and it is further

**ORDERED** that nothing in this Order shall expand the deadline for asserting administrative expense claims arising during the Debtors' prior Chapter 11 cases beyond December 8, 2003 to the extent that an Administrative Expense Request was required to be filed by such date pursuant to the "Deadline to File Proofs of Claims" established by the Bankruptcy Court on August 18, 2003; and it is further

**ORDERED** that in light of this Court's Order dated March 19, 2008 substantively consolidating the RFS Ecusta Inc. and RFS US Inc. Chapter 7 cases, all Administrative Expense Requests shall be filed in the RFS Ecusta Inc. case, case number 3:06 CV 386; provided, however, that all Administrative Expense Requests previously filed against either Debtor and any other Administrative Expense Requests timely filed and served that seek recovery of the same debt shall only be eligible to receive a single distribution on account thereof to the extent such requests are allowed in the consolidated Estate; and it is further

**ORDERED** that Chapter 11 Professionals that have already filed applications for the allowance of fees and expenses ("Fee Applications") incurred during the Debtors' prior Chapter 11 cases or parties-in-interest that have already filed and served an Administrative Expense Request are not required to file an Administrative Expense Request for such claim; provided however, that upon the expiration of the Administrative Bar Date, they may not amend (including by increasing the amount of the request) any previously filed Administrative Expense Request or Fee Applications or file a new Administrative Expense Request or Fee Application; and it is further

**ORDERED** that nothing herein shall extend, or be deemed to extend, in any way the deadlines contained in the Bankruptcy Court's Order dated November 7, 2003 fixing a previous bar date for filing professionals' applications for fees and expenses incurred between May 19, 2003 and August 12, 2003 in connection with the Debtors' prior Chapter 11 cases; and it is further

**ORDERED** that notwithstanding anything herein to the contrary, a proof of claim previously filed in these cases (including during the Debtors' prior Chapter 11 cases) shall not be

treated as an Administrative Expense Request and may not be relied upon to comply with the Administrative Bar Date; and it is further

**ORDERED** that the following shall not be required to file Administrative Expense Requests in connection with the Administrative Bar Date established herein: (a) the professionals to the Trustee retained pursuant to Court Order; (b) former employees of the Debtors whose claims are listed in the Exhibits to this Court's Order Granting the Trustee's Motion Fixing Claims of Covered Employees dated September 11, 2008; or (c) former employees of the Debtor with respect to asserted workers compensation claims; and it is further

**ORDERED** that except as noted immediately above, any Person, entity or Governmental Unit who fails to file and serve an Administrative Expense Request in accordance with this Order on or before the Administrative Bar Date (or previously filed an Administrative Expense Request) shall be forever barred, estopped, and enjoined from asserting such administrative claim against the Debtors, their Estate, the Trustee or the Debtors' property and the Debtors' property shall be forever discharged from any and all indebtedness or liability with respect to such claim, and such administrative claimant shall not be entitled to receive further notices regarding such claim; and it is further

**ORDERED** that the Trustee shall mail notice of the Administrative Bar Date either substantially in the form attached hereto as Exhibit B or in the form of this Order on or before October 3, 2008, which notice shall be deemed good, adequate, and sufficient notice; and it is further

**ORDERED** that the Trustee shall cause notice of the Administrative Bar Date to be published once in the *Asheville Citizens-Times* on or before October 3, 2008 or as soon as practicable thereafter; and it is further

**ORDERED** that entry of this Order is without prejudice to the right of the Trustee to object to any Administrative Expense Request; and it is further

**ORDERED** that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED** that this Court (or any higher Court of competent jurisdiction) shall retain jurisdiction to resolve any disputes under, to interpret, implement, and enforce the provisions of this Order.

This the 19th day of September, 2008.

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE