UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

FILED
CHARLOTTE, NC

JUN 16 2009

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN RE:

**RFS ECUSTA INC. and**
**RFS US INC.**

Tax I.D. No.:   23-3081989
                23-3081990

Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
Chapter 7
Substantively Consolidated

## ORDER GRANTING SIXTH INTERIM APPLICATION OF MOSES & SINGER LLP, AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR FEES EARNED AND EXPENSES INCURRED FOR THE PERIOD FROM JANUARY 1, 2008 THROUGH MAY 31, 2009

## AND

## GRANTING FINAL APPROVAL AND CONFIRMATION OF ALL FEES ALLOWED MOSES & SINGER LLP IN THE CHAPTER 7 AND CHAPTER 11 CASES AND ALL EXPENSES INCURRED

This matter was heard upon due notice to all applicable parties pursuant to the United States Bankruptcy Code, the Bankruptcy Rules, the Local Rules of Practice of the United States District Court for the Western District of North Carolina and the Local Rules of Practice of the United States Bankruptcy Court for the Western District of North Carolina, and the Court concludes that no further or other notice is necessary.

**NOW,** upon consideration of the Sixth Interim Fee Application and the Final Application for confirmation and approval of all fees and expenses allowed in the Chapter 7 and Chapter 11 cases of the Debtors (the "Application") of Moses & Singer LLP, Attorneys at Law, ("Applicant") for Compensation as Special Counsel to Langdon M. Cooper, Trustee ("Trustee") for the above-referenced Debtors (and as counsel to the Creditors' Committee in the Chapter 11 cases), as duly filed in this proceeding, in which Applicant seeks interim payment of compensation and reimbursement for expenses advanced for the period January 1, 2008 to June 1, 2009 (the "Sixth Interim Period") and final confirmation and approval of all fees and expenses in the cases from August 2003 to date (the "Final Application Period");

**AND** upon consideration of the applicable law as set forth in a number of decisions of the United States Supreme Court and the Fourth Circuit Court of Appeals: Hensley v. Eckerhart, 461 U.S. 424 (1983); Blum v. Stenson, 465 U.S. 886 (1984); Pennsylvania v. Delaware Valley Cit. Council, 107 S.C. 3078 (1987); Lilly v. Harris-Teeter Supermarket, 842 F.2d 1496 (4th Cir. 1988); Daly v. Hill, 790 F.2d 1071 (4th Cir. 1986); and Barber v. Kimbrell's, Inc., 577 F.2d 216, cert. denied, 439 U.S. 934 (1978), which adopted the standards of Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Under the rule of Barber, these standards include the time and labor expended; the novelty and difficulty of the questions raised, the skill required to perform the legal services rendered; the attorney's costs in handling the case; the customary fee for like work; the attorney's expectations at the outset of the case; the time limitations imposed by the client or circumstances; the amount in controversy and the results obtained; the experience, reputation and ability of the attorney; the undesirability of the case within the legal community in which the case arose; the nature and length of the professional relationship between attorney and client; and attorneys' fees in similar cases.

In Hensley, supra, the Court articulated a method for examining the attorney's requested fee:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.

"When the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee..." Blum v. Stenson, 465 U.S. at 897.

In Daly, supra, the Fourth Circuit suggested that most Johnson factors are appropriately considered in initially determining the lodestar figure, not in adjusting that figure upward. According to the Court, "the critical inquiry in determining reasonableness [of a fee award] is now generally recognized as the appropriate hourly rate." ... If the hourly rate is properly calculated, "the 'product of reasonable hours times [the] reasonable rate' normally provides a 'reasonable' attorney's fee..." Daly v. Hall, 790 F.2d at 1077. Under Blum the critical focus in calculating a reasonable attorney's fee is in determining the lodestar figure. A fee based upon reasonable rates and hours is presumed to be fully compensatory without producing a windfall. In "exceptional circumstances," this presumptively fair lodestar figure may be adjusted to account for results obtained and the quality of representation. Daly v. Hall, supra.

Here the Court has specifically reviewed the prevailing hourly rates of the professionals that practice before the Court and as customarily charged by professionals in this District for like matters, as well as the past and current hourly rates of the professionals

2

employed by the Applicant as set forth in the Application, and the Court is aware that Applicant has a national practice from offices in New York City where hourly rates are higher than in this District; and the Court concludes that the hourly rates of the Applicant's professionals are proper, reasonable and wholly appropriate in bankruptcy cases in the Western District of North Carolina.

The Court has reviewed the record in the Debtors' base bankruptcy cases and in all the Trustee's adversary proceedings. This record, which includes the pleadings and the arguments and testimony in the multiple hearings in these cases, establishes and reveals one of the best and most efficient bankruptcy case administrations and prosecution of claims that this Court has ever seen. The Trustee and his attorneys initially faced a bankruptcy case that appeared to be one in which only the primary secured creditor (GE Business Capital Corp.) would receive any payment on its claim, and at that only a partial payment. In the preceding Chapter 11 cases all tangible property of the Debtors was sold. The Chapter 7 cases appeared to be no-asset cases. Nevertheless, the Trustee and his attorneys, Mullen Holland & Cooper P.A. and Moses & Singer LLP, all of whom are very experienced and talented bankruptcy practitioners, then administered and prosecuted the case to another level with outstanding results for the benefit of creditors that can only be described as beyond exceptional, and they have recovered thus far approximately $18 million in complicated and successful litigation. They transformed a case in which the former employees of the Debtors and their counsel would have received nothing to a case where those creditors alone received a payment of $2.25 million on their unsecured priority claims. The Trustee and his attorneys invested hundreds and hundreds of hours on a purely contingent basis. Had they failed, they would have been paid nothing for their accrued fees and they would not have been reimbursed hundreds of thousands of dollars of their own funds which they advanced to the pay the required ongoing expenses of the litigation. Finally, the Court notes that it previously reviewed the prior Order of the Bankruptcy Court entered on September 28, 2005, pursuant to which Applicant and its co-counsel Mullen Holland & Cooper P.A. reduced their hourly rates by 25% beginning as of October 18, 2005, in exchange for the right to receive a contingency fee of 25% of the Trustee's recoveries in excess of the amount needed to repay GE Business Capital Group's ("GEBCC") secured claim in full, which this Court previously ratified and approved after notice and a hearing. From the record it appears the amount needed to repay GEBCC in full was $7,273,100.16. Therefore the amount of this earned contingency fee owed to Applicant and Mullen Holland & Cooper P.A. is $2,641,457.89. The Court is well aware that the general unsecured creditors will receive only a very small dividend. However, as a direct result of the work of the Trustee and his attorneys, the former employees of the Debtors, the other priority creditors and the secured creditors have received substantial dividends. The Trustee in effect represents all the creditors of the Debtors, and this Trustee and his attorneys maximized the recovery for the creditor body. The Court understands that in some cases as here the general unsecured creditors simply are not going to be paid much, if anything, and this fact alone should not cause the Court to reduce the fair compensation of the Trustee and his attorneys when they achieved the results which this Trustee and his attorneys achieved in these cases.

3

**AND** upon all proceedings had before the Court, after due notice and opportunity for hearing, after which no adverse interest appeared, and after due deliberation thereon, and under the legal standards set forth and applied in the cases discussed above, the Court concludes the Application seeks aggregate reasonable compensation, including that compensation due under the Order of September 28, 2005, described above, and reasonable payment for expenses advanced, for both the Sixth Interim Period and the Final Application Period, and it is wholly proper and in the best interest of the estates that the Application be allowed; it is therefore

**ORDERED AND ADJUDGED:**

1. The Application of Moses & Singer LLP is GRANTED.

2. Applicant is allowed compensation for services rendered during the Sixth Interim Period in the amount of $806,116.69, and reimbursement of expenses during the application period in the amount of $99,548.98;

3. All prior fee awards to Applicant in the Chapter 11 and Chapter 7 cases of the Debtors are confirmed and ratified and Applicant is allowed final fees for the Final Application Period in the amount of $3,733,015.82, and reimbursement of expenses during this period in the amount of $485,706.56;

3. Applicant and Mullen Holland & Cooper P.A. are also allowed an additional fee of $2,238,508.93 under the Order of September 28, 2005, described above. They shall divide this fee between themselves as they privately determine with no need for any subsequent order of this Court regarding the allocation. The Court notes that Applicant and Mullen Holland & Cooper, P.A. voluntarily reduced the amount of this contingent fee to permit some dividend to the general unsecured creditors.

4. The Trustee is directed to make the payments authorized and approved in this Order, as well as payments of any previously approved compensation and reimbursement of expenses which remain unpaid.

This the 15th day of June, 2009.

/s/ Graham C. Mullen
Graham C. Mullen
United States District Court Judge

4