UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

| | |
|---|---|
| IN RE:<br><br>**RFS ECUSTA INC. and**<br>**RFS US INC.**<br><br>Tax I.D. No.:    23-3081989<br>                    23-3081990<br><br>                Debtors | Bankruptcy Case No. 03-10360<br>Bankruptcy Case No. 03-10358<br>Chapter 7<br>Jointly Administered |

**ORDER GRANTING THIRD INTERIM APPLICATION OF LANGDON M.
COOPER, THE CHAPTER 7 TRUSTEE, FOR FEES EARNED AND EXPENSES
INCURRED FOR THE
PERIOD FROM JANUARY 2008 THROUGH MAY 2009**

**AND**

**GRANTING FINAL APPROVAL AND CONFIRMATION OF ALL FEES
ALLOWED IN THE CASES AND ALL EXPENSES INCURRED**

      This matter was heard upon due notice to all applicable parties pursuant to the United States Bankruptcy Code (the "Code"), the Bankruptcy Rules, the Local Rules of Practice of the United States District Court for the Western District of North Carolina and the Local Rules of Practice of the United States Bankruptcy Court for the Western District of North Carolina, and the Court concludes that no further or other notice is necessary.

      **NOW,** upon consideration of both the Third Interim Fee Application and the Final Application for confirmation and approval of all fees and expenses allowed in the cases (together, the "Application") of Langdon M. Cooper ("Applicant" or the "Trustee") for interim and final compensation as Trustee of the above-referenced Debtors, as duly filed in this proceeding, in which the Applicant seeks payment of commission and compensation for services rendered;

      **AND** after a thorough review of the record in the Debtors' base bankruptcy cases, and the records of the Trustee's adversary proceedings, as well as the record in the separate civil action *Paper, Allied-Industrial, Chemical and Energy Workers International Union, et. al. v. Nathu Puri, et. al.*, case no. 1:02-cv-00224, including Judge Thornburg's order and memorandum decision in that case, the Court finds and concludes from this record, which includes all the pleadings and the arguments and testimony in the multiple hearings in these cases, that this is one of this District's best and most efficient bankruptcy case

administrations, including the Trustee's vigorous and successful prosecution of adversary proceeding claims for the benefit of the estates' creditors. The Trustee initially faced a bankruptcy case that appeared to be one in which only the senior secured creditor (GE Business Capital Corp.) would receive any payment on its claim, and at that only a partial payment. Indeed, the early record in the Bankruptcy Court reveals that the Trustee and the Bankruptcy Administrator for this District were essentially the only two people who believed the cases could be administered for the benefit of creditors other than that single senior secured creditor. The Trustee, an attorney himself, and his counsel Mullen Holland & Cooper P.A. and Moses & Singer LLP, all of whom are very experienced and talented bankruptcy practitioners[1], then administered and prosecuted the bankruptcy cases, and adversary proceedings the Trustee initiated, to another level with outstanding results for the benefit of creditors that can only be described as beyond exceptional. The Trustee has thus far recovered approximately $18 million in complicated and successful litigation. The Trustee and his attorneys transformed a bankruptcy case in which the former employees of the Debtors and their counsel would likely have received nothing to a case where those creditors alone received an interim payment from the Trustee of $2.25 million on their unsecured priority claims. The Trustee and his attorneys invested hundreds and hundreds of hours on a purely contingent basis. The exact detail of the Trustee's work and accomplishments for creditors in this case is extensively evidenced in the record the Court has reviewed. Had the Trustee failed, he and his attorneys would have been paid nothing for their accrued fees and they would not have been reimbursed hundreds of thousands of dollars of their own funds which they advanced to the pay the required ongoing expenses of the litigation. Few lawyers would have exposed themselves to the large risk of loss entailed in the administration of these cases. The Trustee undertook that duty, and he has done so with a high degree of success for the creditors. The Court is well aware that the general unsecured creditors will receive only a very small dividend. However, as a direct result of the work of the Trustee and his attorneys, the former employees of the Debtors, the other priority creditors and the secured creditors have received substantial dividends. The Trustee in effect represents all the creditors of the Debtors, and this Trustee and his attorneys maximized the recovery for the creditor body. The Court understands that in some cases as here the general unsecured creditors simply are not going to be paid much, if anything, and this fact alone should not cause the Court to reduce the fair compensation of the Trustee and his attorneys when they achieved the results which this Trustee and his attorneys achieved in these cases.

**AND**, the Court further concludes that Section 326(a) of the Code sets forth the compensation calculation for Chapter 7 and 11 trustees based upon sums of monies disbursed. It provides:

---

[1] Indeed, Mr. Cooper is Board Certified in Business and Consumer Bankruptcy Laws by both the North Carolina State Bar and the National Board of Certification. Further he has been recognized: (1) by *Law & Politics* and *Charlotte Magazine* every year since 2006 as a North Carolina *Super Lawyer*, a designation limited to the top 5% of North Carolina lawyers; and (2) by *Business North Carolina Magazine*, every year since 2005 as a member of North Carolina's *Legal Elite*, a peer review designation limited to the top 3% of North Carolina lawyers; and (3) in 2009 by *Law & Politics* and *Charlotte Magazine* as one of the Top 100 Lawyers in North Carolina.

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000.00 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (1994).

Section 330 of the Code directs the Court in applying Section 326 of the Code to determine the amount of reasonable compensation, although the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which is not applicable to the case at bar, made two amendments to Section 330 relating to compensation of Chapter 7 trustees. BAPCPA amended Section 330(a)(3) of the Code to set forth a list of specific persons who are subject to the provision, which does not include Chapter 7 trustees, and added a new provision, Section 330(a)(7). Under BAPCPA Chapter 7 trustees are no longer subject to Section 330(a)(3), which limits the determination of the amount of "reasonable compensation to be awarded" based upon "relevant factors" to "an examiner, trustee under chapter 11, or professional person." The new Section 330(a)(7) provides: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326."

The Bankruptcy Code, as amended by BAPCPA, it is argued by some, perhaps now mandates that a bankruptcy court must award a Chapter 7 trustee the maximum statutory commission. However, under the pre-BAPCPA law applicable here, a reasonableness review is clearly required by the plain and unambiguous language of the Code. The Code, in the view of this Court both pre-BAPCPA and post-BAPCPA, allows for an award of "reasonable compensation" to a Chapter 7 trustee, which may be an amount less, but not more than, the maximum statutory commission allowed by Section 326.

Section 326 compensation is not an entitlement. In re Ward, 366 B.R. 470, 473 (Bankr. W.D. Pa. 2007). A court is to consider the provisions of Section 326 "as a part of its reasonableness inquiry." Id. at 474. Section 330(a)(1), unchanged by BAPCPA, supplements Section 326 by incorporating a reasonableness standard: A court "*may* award to a trustee... reasonable compensation for actual, necessary services rendered by the trustee..." 11 U.S.C. § 330(a)(1). The usage of the word "may" authorizes discretion in the determination.

Section 330(a)(2) specifically allows a court to award less compensation than the amount being sought by an applicant:

3

The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation requested.

The Code does not define the term "reasonable." Section 330(a)(4) of the Code provides a description of services not considered reasonable and for which compensation "shall not" be allowed: "(i) unnecessary duplication of services; or (ii) services that were not- (I) reasonably likely to benefit the debtor's estate, or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4). The plain and unambiguous language of Sections 326 and 330 require a Chapter 7 trustee's compensation to be held to a reasonableness standard. In most cases in this District it has been the well-established and correct practice to award Chapter 7 trustees the maximum Section 326 compensation, unless doing so would involve an unconscionable windfall, or the case is one in which significant sums are collected through unexceptional efforts by the trustee.

This Court, pursuant to the clear, unambiguous language of Sections 326 and 330, will apply this reasonableness standard as the standard in this District in Chapter 7 trustee compensation determinations. The Court will not require trustees in this District to maintain time records, but, as with all fee applications, a sufficient factual basis for the requested compensation must be provided or appear on the record before the court. Here the Trustee has provided that factual basis and it is abundantly clear from the record. The Trustee has requested the maximum statutory commission calculated pursuant to Section 326, based upon total receipts to date of $17,838,931.71 all of which have been and will be disbursed under other Orders entered by this Court. As the Court has set out above, the record clearly reflects that the accomplishments of the Trustee for the creditors are beyond exceptional in this case and very beneficial to the creditors, and the maximum statutory commission of $558,417.95 is an entirely reasonable fee for the Trustee's services to date.

Accordingly, the Court finds and concludes that an aggregate award of $558,417.95 ($505,764.08 previously approved by the Court plus $52,653.87 sought in the Application for the Third Interim Period) is wholly reasonable compensation for the Trustee's services to date pursuant to Sections 326 and 330 of the Code.

**AND** upon all proceedings had before the Court, after due notice and opportunity for hearing, after which no adverse interest appeared, and after due deliberation thereon, the Court concludes the Application seeks reasonable interim and final compensation, and it is in the best interest of the estates that the Application be allowed; it is therefore

**ORDERED** that the Trustee's Application is GRANTED and the aggregate sum of $558,417.95 is confirmed as reasonable final compensation owed the Trustee for the Final Application Period, and the Trustee is directed to make the payment of $52,653.87 to pay the final unpaid portion of the fees due the Trustee, as well as payments of any previously approved compensation and reimbursement of expenses which might remain unpaid.

This the \_\_\_15th\_\_\_ day of June, 2009.

*Graham C. Mullen*
Graham C. Mullen
United States District Court Judge

5