UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

IN RE:

**RFS ECUSTA INC. and
RFS US INC.**

Tax I.D. No.: 23-3081989
23-3081990

Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
Chapter 7
Substantively Consolidated

## ORDER SUSTAINING TRUSTEE'S SEVENTH OMNIBUS OBJECTION TO CLAIMS and GRANTING TRUSTEE'S SEVENTH MOTION FOR ALLOWANCE AND DISALLOWANCE OF CLAIMS

THIS MATTER came on to be heard after notice and a hearing on the "Seventh Omnibus Objection To – and Motion for Allowance and Disallowance of – Various Claims" described therein and also on Exhibit "A" to this Order (the "Claims") filed by Langdon M. Cooper, Trustee in the Chapter 7 bankruptcy cases (the "Trustee") for RFS Ecusta Inc. and RFS US Inc. (the "Objection and Motion"), in which the Trustee requested the entry of an order allowing and disallowing the Claims according to the Trustee's recommendations stated in the Exhibit to the Objection and Motion, pursuant to Sections 502, 506 and 507 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 3001, 3002, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court concludes that proper notice was provided to the holders of all the Claims, including proper and full explanation of each objection to the holders of the Claims to which objection was made, and after a review of the record and the statement of the Trustee with any agreed changes, and noting that no responses were filed by a holder of any of the Claims, the Court has determined it will sustain the Trustee's objections to the Claims to which he objected and grant his motion for allowance and disallowance of the Claims as stated in the Exhibit "A" attached to this Order.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Trustee's Objection and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are sections 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003(c) and 3007.

## BACKGROUND

2. Voluntary petitions under Chapter 11 of the Bankruptcy Code were filed by the Debtors in the Delaware Bankruptcy Court on 23 October 2002. These cases were subsequently transferred to the United States Bankruptcy Court for the Western District of North Carolina and converted to jointly administered Chapter 7 cases on 12 August 2003, and subsequently substantively consolidated. Langdon M. Cooper was appointed and continues to serve as the Chapter 7 Trustee in both cases. On 8 September 2006 this Court withdrew the reference of the bankruptcy cases pursuant to 28 U.S.C. §157(d).

## RELIEF REQUESTED

3. The Trustee objected to one or more of the Claims for the reasons set out in his Objection and Motion. The Trustee's grounds for the objections are proper and the Claims to which he objected should be denied. The Claims for which the Trustee seeks allowance will be so allowed.

It is, therefore, ORDERED that the Court sustains the Trustee's objections to the Claims to which he objected, and the Court grants the Trustee's motion for allowance and disallowance of the Claims as set forth on Exhibit "A".

This the __18th__ day of June, 2009.

_____
Graham C. Mullen
United States District Court Judge

| Claim Nos. | Date Filed | Filed In Cases | Creditor Name | Total Claim Amount (Per POC) | Secured (Per POC) | Priority (Per POC) | General Unsecured (Per POC) | Admin. (Per POC) | Claim Allowed, or Claim Disallowed with Key Reference | Allowed Amount of Claim | Allowed Category |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1.1 | 7/21/2003 | 03-10360 | Employment Security Commission of North Carolina | $6,330.00 | $0.00 | $6,330.00 | $0.00 | $0.00 | Allowed | $6,330.00 | priority 507 (a)(8) |
| 2.1 | 7/21/2003 | 03-10360 | Employment Security Commission of North Carolina | $723.36 | $0.00 | $0.00 | $723.36 | $0.00 | Allowed | $723.36 | general unsecured |
| 116.1 | 3/1/2004 | 03-10360 | Employment Security Commission of North Carolina | $1,464.35 | $0.00 | $1,464.35 | $0.00 | $0.00 | Disallowed in part - Key 5 | $1,311.20 | priority 507 (a)(8) |
| 141 | 1/16/2003 | 02-13110 (PJW) | Environmental Protection Services, Inc | $38,878.00 | $0.00 | $0.00 | $38,878.00 | $0.00 | Disallowed - Key 5 | $0.00 | none |
| 500 | 2/10/2003 | | Epes Express Services, Inc. | $236.25 | $0.00 | $0.00 | $236.25 | $0.00 | Disallowed - Key 5 and 12 | $0.00 | none |
| 503 | 2/10/2003 | 02-13110 (PJW) | ETS Allimand | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Disallowed - Key 4, 5, 10 and 12 | $0.00 | none |
| 16 | 12/18/2002 | 02-13110 (PJW) | Euler/American Credit Indemnity | $1,535.26 | $0.00 | $0.00 | $1,535.26 | $0.00 | Disallowed - Key 5 | $0.00 | none |
| 238 | 1/31/2003 | 02-13110 (PJW) | Express Scripts, Inc. - NPA | $14,447.07 | $0.00 | $0.00 | $14,447.07 | $0.00 | Disallowed - Key 5, 9, 10 and 12 | $0.00 | none |
| 9 | 12/6/2002 | 02-13110 (PJW) | Federal Express Corporation | $955.27 | $0.00 | $0.00 | $955.27 | $0.00 | Allowed | $955.27 | general unsecured |
| 98 | 1/14/2003 | 02-13110 (PJW) | Filtrona Greensboro Inc. | $3,800.00 | $0.00 | $0.00 | $3,800.00 | $0.00 | Allowed | $3,800.00 | general unsecured |
| 148 | 1/17/2003 | 02-13110 02-13111 (PJW) | Fisher Scientific | $323.52 | $0.00 | $0.00 | $323.52 | $0.00 | Allowed | $323.52 | general unsecured |
| 513 | 4/30/2003 | 02-13111 (PJW) | Frischkorn, Inc. | $10,630.81 | $0.00 | $0.00 | $10,630.81 | $0.00 | Allowed | $10,630.81 | general unsecured |
| 51 | 12/20/2002 | 02-13110 (PJW) | Galco Industrial Electronics | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | Disallowed - Key 5 | $0.00 | none |

Key 4. This claim is denied as it fails to comply with the execution requirements set out in FRBP 3001(b).

Key 5. This claim is denied as it is based on a contract or other writing and fails to comply with the requirements of FRBP 3001(c). Additionally the amount claimed is not reflected on the books of the Debtors.

Key 9. This claim is denied as it asserts an administrative or priority amount or classification not permitted by the Bankruptcy Code, or in excess of the amount allowed by Section 507 of the Bankruptcy Code.

Key 10. This claim is denied as it is asserted by an entity that is not a creditor of the Debtors.

Key 12. This claim is denied as the Debtors received no goods or services or other legal consideration from the claimant.

Exhibit A

1