UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

FILED
CHARLOTTE, NC
JUN 17 2009
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN RE:

RFS ECUSTA INC. and
RFS US INC.

Tax I.D. No.:   23-3081989
                23-3081990

Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
Chapter 7
Substantively Consolidated

## ORDER ADDRESSING TRUSTEE'S TENTH OMNIBUS OBJECTION TO CLAIMS and GRANTING TRUSTEE'S SETTLEMENT WITH INDUSTRIAL MAINTENANCE OVERFLOW CORPORATION

THIS MATTER came on to be heard after notice and a hearing on the "Tenth Omnibus Objection To – and Motion for Allowance and Disallowance of – Various Claims" described therein (the "Claims") filed by Langdon M. Cooper, Trustee in the Chapter 7 bankruptcy cases (the "Trustee") for RFS Ecusta Inc. and RFS US Inc. (the "Objection and Motion"), in which the Trustee requested the entry of an order allowing and disallowing the Claims according to the Trustee's recommendations stated in the Exhibit to the Objection and Motion, pursuant to Sections 502, 506 and 507 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 3001, 3002, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court concludes that proper notice was provided to the holder of all the Claims, including proper and full explanation of each objection to the holder of the Claims to which objection was made, and after a review of the record and the statement of the Trustee that all matters with the single creditor which is the subject of the Objection and Motion have been resolved allowing Industrial Maintenance Overflow Corporation ("Industrial') a single $70,000 general unsecured claim, the Court has determined it will sustain the Trustee's settlement by sustaining his objection to the multiple separate clams of Industrial and allowing in lieu thereof a single, aggregate general unsecured claim in the amount of $70,000.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Trustee's Objection and Motion in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are sections 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003(c) and 3007.

## BACKGROUND

2. Voluntary petitions under Chapter 11 of the Bankruptcy Code were filed by the Debtors in the Delaware Bankruptcy Court on 23 October 2002. These cases were subsequently transferred to the United States Bankruptcy Court for the Western District of North Carolina and converted to jointly administered Chapter 7 cases on 12 August 2003, and subsequently substantively consolidated. Langdon M. Cooper was appointed and continues to serve as the Chapter 7 Trustee in both cases. On 8 September 2006 this Court withdrew the reference of the bankruptcy cases pursuant to 28 U.S.C. §157(d).

## RELIEF REQUESTED

3. The Trustee objected to Industrial's Claims for the reasons set out in his Objection and Motion. The Trustee has now settled with Industrial.

It is, therefore, ORDERED that the Court sustains the Trustee's objections to the Claims identified in the Objection and Motion and approves his settlement with Industrial and it is allowed a single general unsecured claim in the aggregate amount of $70,000.

This the 18th day of June, 2009.

Graham C. Mullen
United States District Court Judge