FILED
CHARLOTTE, NC
JUN 17 2009
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| RFS ECUSTA, INC. and ) | |
| RFS US INC. ) | District Ct. Case No. 3:06-cv-386-MU |
| ) | |
| ) | Bankruptcy Case No. 03-10360 |
| ) | Bankruptcy Case No. 03-10358 |
| Debtors. ) | (Substantively Consolidated) |
| ) | |

## STIPULATION AND ORDER AMONG LANGDON M. COOPER, AS CHAPTER 7 TRUSTEE, AND PENSION BENEFIT GUARANTY CORPORATION

Langdon M. Cooper, Chapter 7 Trustee (the "Trustee") of the estates of RFS Ecusta Inc. and RFS US Inc. (collectively, the "Debtors") and Pension Benefit Guaranty Corporation ("PBGC"), by and through their respective counsel, do hereby stipulate as follows:

### PROCEDURAL POSTURE

A.  On October 23, 2002, each of the Debtors commenced a case under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") by filing a voluntary petition for relief with the United States Bankruptcy Court for the District of Delaware.

B.  On March 28, 2003 an order was entered transferring the bankruptcy cases from the District of Delaware to the Bankruptcy Court for the Western District of North Carolina ("NC Bankruptcy Court").

C.  On August 12, 2003, the Debtors' cases were converted to cases under Chapter 7 of the Bankruptcy Code and the Trustee was appointed as the interim Chapter 7 Trustee in the Debtors' cases. On September 10, 2003, the Trustee became the permanent Chapter 7 Trustee.

D.  By Order dated September 8, 2006, the United States District Court for the Western District of North Carolina ("District Court") withdrew the reference of the bankruptcy cases from the NC Bankruptcy Court and are now docketed as being jointly administered under District Court Case No. 3:06-CV-00386-MU.

E.  On March 19, 2008, the District Court entered an Order substantively consolidating the Debtors' Estates, which Order states "the Claims filed against either Debtor seeking recovery of the same debt shall only be eligible to receive a single distribution to the extent allowed by law in the consolidated estate."

## DEBTORS' PENSION PLANS AND PBGC'S CLAIMS

F.  PBGC is the United States government agency that administers the federal defined benefit pension plan termination insurance program under Title IV of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1301-1461. When a pension plan covered by Title IV terminates with insufficient assets to pay promised benefits, PBGC generally becomes statutory trustee of the terminated plan and pays to the retired employees covered under the plan their pension benefits up to statutory limits. *See* 29 U.S.C. §§ 1322, 1361.

G.  At the time of their bankruptcy filing date, the Debtors were either the contributing sponsor or were members of the contributing sponsor's controlled group with regard to two defined benefit pension plans that are covered under Title IV of ERISA -- the RFS Ecusta Inc. Salaried Employees' Retirement Plan ("Salaried Plan") and the RFS Ecusta Inc. Hourly Employees' Retirement Plan ("Hourly Plan,") (collectively the "Pension Plans").[1]

---

1 *See* 29 U.S.C. §§ 1301(a)(13), (14), 1321(a). A group of trades or business under common control, referred to as a "**controlled group,**" includes, for example, a parent and its 80% owned subsidiaries. Another example includes brother-sister groups of trades or business under

2

H.  On February 6, 2003, PBGC filed three proofs of claims against each of the Debtors with respect to each Pension Plan -- *i.e.*, claims for: (i) unfunded benefit liabilities; (ii) unpaid minimum funding contributions owed to each Pension Plan and (iii) unpaid flat-rate and variable-rate premiums owed to PBGC -- for a total of twelve (12) claims, as indicated below:

| Claim No. | Filed Against | Amount | Basis |
|---|---|---|---|
| 453 | RFS Ecusta, Inc. | unliquidated | Statutory liability under 26 U.S.C. § 412 and 29 U.S.C. § 1082 to the **Hourly Plan** for unpaid minimum funding contributions |
| 454 | RFS Ecusta, Inc. | unliquidated | Statutory liability for premiums under 29 U.S.C. § 1307 on account of the **Hourly Plan** |
| 455 | RFS Ecusta, Inc. | $7,118,000 | Statutory liability under 29 U.S.C. §§ 1362, 1368 for unfunded benefit liabilities of the **Hourly Plan** |
| 456 | RFS Ecusta, Inc. | unliquidated | Statutory liability under 26 U.S.C. § 412 and 29 U.S.C. § 1082 to the **Salaried Plan** for unpaid minimum funding contributions |
| 457 | RFS Ecusta, Inc. | unliquidated | Statutory liability for premiums under 29 U.S.C. § 1307 on account of the **Salaried Plan** |
| 458 | RFS Ecusta, Inc. | unliquidated | Statutory liability under 29 U.S.C. §§ 1362, 1368 for unfunded benefit liabilities of the **Salaried Plan** |
| 459 | RFS US, Inc. | unliquidated | Statutory liability under 26 U.S.C. § 412 and 29 U.S.C. § 1082 to the **Hourly Plan** for unpaid minimum funding contributions |
| 460 | RFS US, Inc. | unliquidated | Statutory liability for premiums under 29 U.S.C. § 1307 on account of the **Hourly Plan** |
| 462 | RFS US, Inc. | $7,118,000 | Statutory liability under 29 U.S.C. §§ 1362, 1368 for unfunded benefit liabilities of the **Hourly Plan** |
| 463 | RFS US, Inc. | unliquidated | Statutory liability under 26 U.S.C. § 412 and 29 U.S.C. § 1082 to the **Salaried Plan** for unpaid minimum funding contributions |
| 464 | RFS US, Inc. | unliquidated | Statutory liability for premiums under 29 U.S.C. § 1307 on account of the **Salaried Plan** |
| 465 | RFS US, Inc. | unliquidated | Statutory liability under 29 U.S.C. §§ 1362, 1368 for unfunded benefit liabilities of the **Salaried Plan** |

I.  By Order dated February 27, 2006, the District Court approved the merger of the Pension Plans into the PACE Industry Union-Management Pension Fund ("PIUMPF"). On March 21, 2006, the Debtors and the PACE Union executed a merger agreement between the Pension Plans and the PIUMPH. On April 3, 2006, assets from the Hourly and Salaried Plans, in

---

common control. *See* 29 U.S.C. § 1301(14)(A), (B); 26 U.S.C. § 414(b), (c); 26 C.F.R. §§ 1.414(b)-1, 1.414(c)-1, 1.414(c)-2.

the respective amounts of $27,457,037.43 and $11,503,012.50, were wire-transferred into the PIUMPF (collectively, these events are referred to as the "Merger").

J.  Because of the Merger, PBGC's claims for unfunded benefit liabilities and unpaid minimum funding contributions with regard to the Pension Plans are moot. However, PBGC's claims for unpaid premiums that accrued up to the date of the Merger remains outstanding and that ERISA makes clear that the Debtors are jointly and severally liable for those unpaid premiums, including interest.

## TRUSTEE'S OBJECTIONS

K.  On May 6, 2009, the Trustee filed a nineteenth and twenty-first omnibus objection seeking to disallow all of PBGC's claims. Specifically, with respect to the unfunded benefit liability claim (Claim No. 462), the Trustee's stated reason for the objection was that the claim had been released or satisfied (Dkt. No. 117). As to the remaining claims (Claim Nos. 453, 454, 455, 456, 457, 458, 459, 460, 463, 464 & 465), the Trustee's reason for the objection was that these claims were duplicative of Claim No. 462 (Dkt. No. 119).

## AGREEMENT

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the parties hereto, by their respective counsel, as follows:

1.  This Stipulation and Order is in resolution of each and all of the twelve PBGC Claims, thereby also resolving the Trustee's objection to PBGC Claims;

2.  PBGC's claims for unfunded benefit liabilities and unpaid minimum funding contributions (*i.e.*, claim nos. 453, 454, 455, 456, 457, 458, 459, 462, 463 and 465) shall be deemed withdrawn.

4

3. PBGC's claims for unpaid insurance premiums (*i.e.*, claim nos. 460 and 464) shall be resolved in the following manner: PBGC shall have an allowed, general unsecured claim in the amount of $568,646.

| | |
|---|---|
| **MULLEN HOLLAND & COOPER, P.A.** | **PENSION BENEFIT GUARANTY CORPORATION** |
| By: */s/ Langdon M. Cooper* <br>     Langdon M. Cooper, Esq. | By: */s/ Michael A. Maricco* <br>     Michael A. Maricco, Esq. |
| N.C. Bar No. 936 <br> P.O. Box 488 (28053) <br> 301 South York Street <br> Gastonia, North Carolina 28052 <br> (704) 864-6751 <br> *Counsel to the Trustee* | ANDREA WONG <br> Assistant Chief Counsel <br> MICHAEL A. MARICCO <br> Attorney <br> Office of the Chief Counsel <br> PENSION BENEFIT GUARANTY CORPORATION <br> 1200 K Street, N.W. <br> Washington, D.C. 20005-4026 <br> (202) 326-4020 ext. 3732 <br> *Counsel to Pension Benefit Guaranty Corporation* |
| - and - | |
| **MOSES & SINGER LLP** <br> Alan E. Gamza <br> Christopher J. Caruso <br> 405 Lexington Avenue <br> New York, New York 10174-1299 <br> (212) 554-7800 <br> *Special Counsel to the Trustee* | |

SO ORDERED: June ___, 2009

_____
GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE