UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

IN RE:

**RFS ECUSTA INC. and**
**RFS US INC.**

Tax I.D. No.:     23-3081989
                  23-3081990

                  Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
 Chapter 7
 Substantively Consolidated

**ORDER SUSTAINING TRUSTEE'S OBJECTION TO CERTAIN CLAIMS**
**OF ALBANY INTERNATIONAL CORP. and GRANTING TRUSTEE'S**
**MOTION FOR ALLOWANCE AND DISALLOWANCE OF SUCH**
**CLAIMS**

        THIS MATTER came on to be heard after notice and a hearing on the
objection of Langdon M. Cooper, Trustee in the Chapter 7 bankruptcy cases (the
"Trustee") for RFS Ecusta Inc. and RFS US Inc. (the "Debtors") to certain claims
of Albany International Corp. ("Albany") as contained and described in the
Trustee's "Second Omnibus Objection To – and Motion for Allowance and
Disallowance of – Various Claims" (the "Objection and Motion"), in which the
Trustee requested the entry of an order allowing in part and disallowing in part the
claims of Albany (the "Albany Claims") according to the Trustee's
recommendations stated in the Exhibit to the Objection and Motion, pursuant to
Sections 502, 506 and 507 of the United States Bankruptcy Code, 11 U.S.C. § 101
*et seq.* (the "Bankruptcy Code") and Rules 3001, 3002, 3003 and 3007 of the
Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").   The Court
concludes that proper notice was provided to Albany as the holder of the Albany
Claims, including proper and full explanation of the Trustee's objection to the
Albany Claims, and after a review of the record, including the response of Albany
and the subsequent withdrawal of its response, the Court has determined it will
sustain the Trustee's objections to those Albany Claims to which he objected and
grant his motion for allowance and disallowance of the Albany Claims as stated in
the Objection and Motion.

## JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of these cases and the Trustee's Objection and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).  The statutory predicates for the relief requested herein are sections 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003(c) and 3007.

## BACKGROUND

2.      Voluntary petitions under Chapter 11 of the Bankruptcy Code were filed by the Debtors in the Delaware Bankruptcy Court on 23 October 2002. These cases were subsequently transferred to the United States Bankruptcy Court for the Western District of North Carolina and converted to jointly administered Chapter 7 cases on 12 August 2003, and subsequently substantively consolidated. Langdon M. Cooper was appointed and continues to serve as the Chapter 7 Trustee in both cases.  On 8 September 2006 this Court withdrew the reference of the bankruptcy cases pursuant to 28 U.S.C. §157(d).

## RELIEF REQUESTED

3.      The Trustee objected to some of the Albany Claims for the reasons set out in his Objection and Motion.  The Trustee's grounds for the objections are proper and those Albany Claims to which he objected should be denied.  Those Albany Claims for which the Trustee seeks allowance will be so allowed.


It is, therefore, ORDERED that the Court sustains the Trustee's objections to the Albany Claims to which he objected, and the Court grants the Trustee's motion for allowance of one general unsecured claim in favor of Albany International Corp. in the aggregate amount of $198,617.77.

Signed: June 30, 2009

Graham C. Mullen
United States District Judge