UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

IN RE:

**RFS ECUSTA INC. and
RFS US INC.**

Tax I.D. No.:   23-3081989
                23-3081990

Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
Chapter 7
Substantively Consolidated

## ORDER APPROVING FINAL REPORT AND ACCOUNTING OF TRUSTEE, AUTHORIZING DISBURSEMENT OF FUNDS OF THE ESTATE, and GRANTING TRUSTEE'S MOTION FOR ABANDONMENT OF RECORDS

Langdon M. Cooper, the Trustee herein, having heretofore filed in this matter his Final Report and Accounting, his Application to Disburse Funds of the Estate, and his Motion for Authority to Abandon all Records of the Debtor; and no objections thereto having been filed within thirty-three (33) days after due notice to creditors as required by law, and it appearing from examination of the Final Report and Accounting of the Trustee that the Final Report and Accounting is correct, and it further appearing therefrom that the same should be allowed, approved and confirmed, and all Applications and Motions should be granted[1]; it is therefore,

**ORDERED** that the Trustee is authorized to abandon or destroy any books and records of the debtor, and is authorized to abandon or destroy any property of the debtor disclosed in the bankruptcy schedules or identified in this bankruptcy proceeding and not otherwise liquidated for the estate, including all records obtained from the Debtors' former counsel, Dechert LLP, and now held in New York by the Trustee's co-counsel Moses & Singer; and it is

---

[1] The Court notes that it previously entered Orders, which are now final and non-appealable, allowing and disallowing the claims in these estates.

**FURTHER ORDERED** that the individual allocations among former employees of the Debtors of the funds available for distribution on the aggregate allowed $750,000 general unsecured claim of the former employees of the Debtors are approved as detailed in the Trustee's Final Report and in the Exhibit "B" to this Order; and it is

**FURTHER ORDERED** that the Trustee's accountings shown on the Forms 1 and 2 attached to his Final Report are approved as complete and correct; and it is

**FURTHER ORDERED** that the Trustee's Final Report and Accounting is in all respects allowed, approved and confirmed; and it is

**FURTHER ORDERED** that upon payment of the amounts set forth in the exhibits to this Order, the Trustee and these consolidated bankruptcy estates are discharged and released from any liability to any governmental or other entity for any claims, including any levies, taxes, penalties or interest, and all such entities are hereby permanently restrained and ordered to cease and desist from any efforts to collect, contact or otherwise communicate with the Trustee concerning such alleged claims; and it is

**FURTHER ORDERED** that the Trustee is authorized and directed to make all disbursements shown on the attached Final Distribution register, which is contained in Exhibits "A" and "B" to this Order, and the calculation of those distributions is specifically approved; and it is

**FURTHER ORDERED** in view of the fact that the Trustee's attorneys, Mullen Holland & Cooper P.A. and Moses & Singer LLP, waived their rights to receive $402,948.98 in approved Chapter 7 administration claims solely to enable other creditors to receive payment on their claims, that in the event any of the Trustee's checks for the distributions described in this Order are returned to the Trustee or not negotiated within 90 days of the distribution for any reason, the Trustee shall stop payment on those checks and those checks shall be voided by the Trustee and the aggregate amount of those voided checks shall instead then be disbursed by the Trustee to Mullen Holland & Cooper P.A. and Moses & Singer LLP (as they privately shall agree to allocate between themselves) as payment on the amounts of their previously allowed but unpaid administrative claims[2]; and it is

**FURTHER ORDERED** that upon distribution of the funds of the estate as herein provided and the expiration of that period as set forth in 11 U.S.C. Section 347, the Trustee shall promptly file his report pursuant to Bankruptcy Rule 3011 and proceed to close the administration of the estate, after which the court intends to discharge the Trustee and close the estates and this consolidated case; and it is

**FURTHER ORDERED** that in view of the cost of service, and in view of the full service by the Trustee of his Final Report (*sans* exhibits), the Trustee shall not serve this

---

[2] Obviously, should the aggregate amount of the voided checks exceed the unpaid balance of the previously allowed administrative claims, then in that event the Trustee shall report that fact to the Court and seek further direction from the Court.

Order casewide or on the parties on whom he served his Final Report (*sans* exhibits) as all parties have had ample disclosure of the allowed amounts of claims and other material relevant matters, and no objections were filed or otherwise raised. This Order shall be final 30 days after its entry.

Dated: this the 25th day of January, 2010.

Graham C. Mullen
United States District Court Judge

**SUMMARY OF TOTAL DISBURSEMENTS**
(including any amounts previously disbursed)

| | | |
|---|---|---:|
| A. | Administrative Claims<br>(Chapter 7 = $8,454,529.60)<br>(Chapter 11 = $610,431.37) | $9,064,960.97 |
| B. | Priority Claims other than claims of Administration | $1,785,659.44 |
| C. | Secured Claims | $9,359,801.25 |
| D. | Unsecured Claims | $208,791.27 |
| E. | Dividend to Equity Security Holders | $-0- |
| | TOTAL DISBURSEMENTS | $20,419,212.93 |

MISCELLANEOUS DISBURSEMENTS
[including any disbursements that are not to be included in computing Trustee's commission per 11 U.S.C. Sec. 327(a)]

A.

| | |
|---|---:|
| TOTAL MISCELLANEOUS DISBURSEMENTS | $-0- |
| **GRAND TOTAL OF DISBURSEMENTS** | $20,419,212.93 |

**RECONCILIATION OF RECEIPTS AND DISBURSEMENTS**

| | |
|---|---:|
| Receipts shown on Final Report | $20,419,212.93 |
| Additional receipts since filing of Final Report | $-0- |
| TOTAL RECEIPTS | $20,419,212.93 |

Total Receipts equal grand total of disbursements.