UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division
3:06 CV 386-MU

FILED
CHARLOTTE, NC

JAN 27 2010

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN RE:

**RFS ECUSTA INC. and**
**RFS US INC.**

Tax I.D. No.:  23-3081989
             23-3081990

Debtors

Bankruptcy Case No. 03-10360
Bankruptcy Case No. 03-10358
Chapter 7
Jointly Administered

**ORDER SUSTAINING TRUSTEE'S TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS and GRANTING TRUSTEE'S TWENTY-THIRD MOTION FOR DISALLOWANCE OF CLAIMS**

THIS MATTER came on to be heard after notice and a hearing on the "Twenty-Third Omnibus Objection To – and Motion for Disallowance of – Various Claims" of the North Carolina Employment Security Commission and Internal Revenue Service (the "Claims") filed by Langdon M. Cooper, Trustee in the Chapter 7 bankruptcy cases (the "Trustee") for RFS Ecusta Inc. and RFS US Inc. (the "Objection and Motion"), in which the Trustee requested the entry of an order disallowing the Claims according to the Trustee's recommendations stated in the Objection and Motion, pursuant to Sections 502, 506 and 507 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rules 3001, 3002, 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Court concludes that proper notice was provided to the holders of all the Claims, including proper and full explanation of each objection to the holders of the Claims to which objection was made, and after a review of the record and the statement of the Trustee with any agreed changes, and noting that no responses were filed by a holder of any of the Claims, the Court has determined it will sustain the Trustee's objections to the Claims to which he objected and grant his motion for disallowance of the Claims as stated in this Order.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and the Trustee's Objection and Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding

pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are sections 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003(c) and 3007.

## BACKGROUND

2. Voluntary petitions under Chapter 11 of the Bankruptcy Code were filed by the Debtors in the Delaware Bankruptcy Court on 23 October 2002. These cases were subsequently transferred to the United States Bankruptcy Court for the Western District of North Carolina and converted to jointly administered Chapter 7 cases on 12 August 2003, and subsequently substantively consolidated. Langdon M. Cooper was appointed and continues to serve as the Chapter 7 Trustee in both cases. On 8 September 2006 this Court withdrew the reference of the bankruptcy cases pursuant to 28 U.S.C. §157(d).

## RELIEF REQUESTED

3. The Trustee objected to one or more of the Claims for the reasons set out in his Objection and Motion. The Trustee's grounds for the objections are proper and the Claims to which he objected should be denied. The portion of Claims which seeks penalties and interest is not only improper, but a violation of the Section 362 automatic stay, as such penalties and interest are asserted on unpaid Section 507(8) priority claims based on taxes arising from the 2008 and 2009 distributions by the Trustee of the higher priority pre-petition wage claims of former employees of the Debtors. There can be no pre-petition or post-petition penalties and interest assessed on these taxes as the liability for the taxes did not arise until funds became available post-petition (through the successes of the Trustee in generating funds) to pay the wage dividends and were in fact paid as wage dividends, pursuant to Sections 502, 506 and 507 of the Bankruptcy Code and Bankruptcy Rules 3001, 3002, 3003 and 3007. All taxes withheld by the Trustee from the wage dividend payments to the former employees were in fact paid immediately to the taxing authorities. The only taxes which the Trustee has not yet paid are the pre-petition Section 507 priority taxes owed by the Debtors cause of the wage dividends paid by the Trustee, and funds now exist to pay those taxes, and the entire correct principal amounts of those taxes will be paid.

It is, therefore, **ORDERED** that the Court sustains the Trustee's objections to the Claims to which he objected and which are described herein, and the Court grants the Trustee's motion for disallowance of the Claims. Further, that upon payment of the principal amounts of the Section 507 priority claims set forth in the exhibits to the separate Order of this Court approving the Final Report of the Trustee, the Trustee and these consolidated bankruptcy estates are discharged and released from any liability to any governmental or other entity for any claims, including any levies, taxes, penalties or interest, and all such entities, including specifically the Internal Revenue Service and the North

Carolina Employment Security Commission, are hereby permanently restrained and ordered to cease and desist from any efforts to collect, contact or otherwise communicate with the Trustee concerning such alleged claims. Any violation of this Order will result in the imposition by this Court of sanctions in favor of and payable to the Trustee and/or his attorneys. Additionally any judgments of the Internal Revenue Service or the North Carolina Employment Security Commission against the Trustee or the Debtors shall be immediately cancelled.

Dated: January 27, 2010.

Graham C. Mullen
United States District Court Judge